## Joseph H. WESTON *v.* Harry L. PONDER and Andrew G. PONDER

77-386                                                565 S.W. 2d 31

### Opinion delivered May 1, 1978
### (Division II)

Appellant, *pro se.*

*Frierson, Walker, Snellgrove & Laser,* by: *G. D. Walker;* and *Barrett, Wheatley, Smith & Deacon,* Jonesboro, for appellees.

CONLEY BYRD, Justice. Appellant Joseph H. Weston on this appeal contends that the trial court erred in holding that appellees Harry L. Ponder and Andrew G. Ponder were privileged as an officer of the court and as a judge of the court, respectively, under the development of the "WELL ESTABLISHED DOCTRINE OF IMMUNITY" from common law procedures. During oral argument Mr. Weston readily acknowledged that defamatory statements by lawyers in judicial proceedings are privileged under some circumstances, *Mauney v. Millar,* 142 Ark. 500, 219 S.W. 1032 (1920), and that judges are immune from actions for damages for acts committed in the course of their judicial duties, *Borden v. State to Use of Robinson,* 11 Ark. 519 (1851). However, Mr. Weston contends that the immunity from defamation

given to lawyers and judges in general does not apply to the appellees in this case.

The jurisdiction of this Court is limited by the Constitution of Arkansas, Art. 7, § 4, to appellate jurisdiction only — *i.e.* we do not try anew all litigation but look only to see if the trial court committed an error prejudicial to the person appealing. To aid in the speedy determination of appeals we, as have most other appellate courts, have promulgated Rule 9(d) placing upon appellants the burden of furnishing an abstract of the record consisting ". . . of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision."

Our problem in trying to understand Mr. Weston's argument before us is that he has failed to abstract the record in accordance with Rule 9(d) so that we can understand the issues before the trial court and what ruling the trial court made from which this appeal was taken. Appellant's complete abstract is as follows, to-wit:

### "ABSTRACT OF PLEADINGS

Chronologically Arranged and Cross-Indexed to page numbers of the record.

November 5, 1976 — I filed a complaint seeking damages against Harry L. Ponder, Page 1 of accompanying Record.

November 29, 1976 — Demurrer of defendant Harry L. Ponder. Page 6 of the Record.

December 2, 1976 — Order of Chief Justice assigning Judge Harrell Simpson to jurisdiction, page 7 of the Record. This order was NOT placed in the file, and was NOT made available to me until April 12, 1977, as evidenced by a copy of the same order file-marked April 12, 1977, was made available on my demand after Judge Ponder had sat in the March 7 docketing hearing of my

case against his brother. Page 16 in the accompanying Record.

Dec. 6, 1976 — My answer to defendant Harry L. Ponder's demurrer. Page 8 of Record.

May 12, 1977 — My amended pleading, in which I enjoined Judge Andrew G. Ponder as a defendant. Page 13 of the Record.

May 24, 1977 — Judge Simpson's order of Refusal. Page 17 of Record.

May 26, 1977 — Order of Chief Justice terminating assignment of Judge Simpson. Page 10 of Record.

May 26, 1977 — Order of Chief Justice assigning Chancellor John Lineberger to jurisdiction. Page 11 of Record.

June 3, 1977 — My motion to strike the case from June 6, 1977 docket. Page 19 of Record.

June 8, 1977 — Demurrer of Judge Andrew Ponder. Page 21 of the Record.

June 15, 1977 — My motion to deny demurrer of Judge Andrew G. Ponder. Page 25 of the Record.

July 28, 1977 — Reply Brief of Harry L. Ponder to my answer to demurrer. Page 30 of Record.

September 16, 1977 — Order of Judge Lineberger sustaining demurrers of both of the Ponder boys. Page 34 of Record.

October 15, 1977 — My second pleading. Page 38 of Record.

October 21, 1977 — Demurrer of Harry L. Ponder. Page 40 of Record.

October 22, 1977 — Demurrer of Andrew G. Ponder. Page 42 of Record.

October 22, 1977 — Correction of typist's error in my re-pleading. Page 44 of Record.

October 26, 1977 — My rebuttal of demurrers of both Ponder brothers. Page 45 of Record.

November 4, 1977 — Order of Judge Lineberger sustaining demurrers of both defendants. Page 46 of Record.

November 14, 1977 — My Notice of Appeal. Page 48 of Record.

Because of Mr. Weston's failure to abstract the record as required by Rule 9(d) we must affirm the trial court. See *Bank of Ozark* v. *Isaacs, et al,* 263 Ark. 113, 563 S.W. 2d 707 (1978), and G. R. Smith, *Arkansas Appellate Practice: Abstracting the Record,* 3 Ark. L. Rev. 359 (1977). Furthermore, the initial abstracting deficiency cannot be cured in the reply brief as the appellee at that late date does not have the opportunity to supply any deficiencies in the appellant's abstract, *Tenbrook* v. *Daisy Mfg. Co.,* 238 Ark. 532, 383 S.W. 2d 101 (1964).

Affirmed.

We agree: HOLT and HICKMAN and HOWARD, JJ.