David RODE *v.* STATE of Arkansas

CR 81-49                                    625 S.W. 2d 469

Supreme Court of Arkansas
Opinion delivered December 14, 1981

*Dave Wisdom Harrod*, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant David Rode was sentenced to life in prison for the murder of his wife Denise Rode. We affirm.

Shortly after midnight on August 19, 1980, appellant drove to a service station in Conway and, in an emotional state, told a witness that ten minutes previously his wife and four-week-old child had been the victims of a hit and run accident. He stated that the accident occurred on the interstate highway while he was changing a tire on his car. His clothing had blood on it, the baby had blood over most of its body and his wife, who was slumped over in the front right seat of his car, was bloody. The police and ambulance personnel promptly answered calls and began their separate duties. The victim and the baby were taken by ambulance to the hospital where she was pronounced dead but the baby was found to be uninjured. Appellant went with the police but could not find the accident scene. Additional police, in an extensive search, could not find any evidence of a hit-and-run accident on the highway.

Later appellant stated to another witness that the accident took place while he was getting a bottle for the baby and to a third witness he stated that it took place while he was getting diapers for the baby. The police then observed that the tire had not been changed and that the blood splatters in and on the car did not correspond with appellant's version of the facts.

The attending physician at the hospital found that the injuries to the victim were consistent with a beating and were not consistent with a hit-and-run accident. At trial the State Medical Examiner testified that the victim sustained trauma to the head, chest, extremities, neck and voice box. She had bruises around the eyes and to the eyelids, a broken nose and bridge of the nose, a subdural hematoma, multiple abrasions on her neck and her adam's apple was crushed from side to side. He testified that the latter injury was a "classic picture of manual strangulation." The medical examiner observed damage to the dorsum of her hand which is consistent with a defense type of injury which occurs when a victim raises his or her hand for protection. The chief criminologist for the State Crime Laboratory testified that the clothing worn by the victim gave no evidence of having been in a hit-and-run accident. A Conway physician testified that appellant had abrasions on his fingers and knuckles and there was a large bruise in the palm of his left hand. X-rays of the appellant's left hand reflected a compression fracture at the base of the fifth metacarpal. The witness testified that the injuries to appellant were caused by a force angularly pushing the bone backward, as would be caused by striking someone with a closed fist. These injuries would be consistent with beating someone with fists and slapping them with an open hand.

Prior to the trial appellant made one motion in limine and received a favorable ruling on it. Appellant made no other motions and made no evidentiary objections during trial. The State made two evidentiary objections and the appellant withdrew the question on both occasions. Thus, there were no rulings by the court which were adverse to appellant.

Appellant now contends that the trial court committed error in allowing the jury to take an item of evidence to the jury room. There were no objections at the trial. We have consistently refused to consider an issue of error in the absence of an appropriate objection. Our rule and the exceptions are fully set out in *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980). Appellant's argument does not fall within any recognized exception to our rule and therefore we do not consider this point.

Appellant's other point is the trial court erred in failing to reverse the jury verdict as there was another reasonable conclusion for the cause of death of the victim. Whether there was another reasonable conclusion for the cause of death was a question of fact for the jury. As stated in *Cassell* v. *State*, 273 Ark. 59 at 68, 616 S.W. 2d 485 (1981), "To sum up, our substantial evidence rule in a case depending on circumstantial evidence means simply that the proof must go beyond presenting the jury a choice so evenly balanced that a finding of guilt must rest not on testimony but on conjecture." That is not the situation in this case. We have no hesitancy in holding the proof sufficient to support the verdict of guilty. There was no evidence that Denise Rode was the victim of a hit-and-run accident as contended by appellant. There was ample evidence that the victim was beaten and strangled to death. There was strong circumstantial evidence that appellant was the one who beat and strangled the victim.

Affirmed.