Chester PERRY *v.* STATE of Arkansas

CR 82-64                                    639 S.W.2d 344

Supreme Court of Arkansas
Opinion delivered September 27, 1982

*Haskins & Wilson,* by: *John W. Achor,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of first degree murder in the shooting death of one person and second degree battery in the shooting of another person. He received sentences, as the jury recommended, of 40 and 6 years imprisonment, respectively, and a $10,000 fine. We affirm.

Appellant, who claimed self-defense, first contends for reversal that the trial court erred in refusing to declare a mistrial following the testimony of a state's witness who did not see either of the shootings. The witness testified that he was in a house fifty or sixty feet from the incident when he heard two shots. He immediately went outside and saw the appellant waving a gun, asking "who else wants some of this." He also observed the appellant point a gun at a man named Nathaniel and say, "Do you want some of this?" and "I should have killed him." This is not evidence of "other offenses" contrary to Rule 404 (b) of the Uniform Rules of Evidence as the appellant argues. The testimony of this witness as to what he saw and heard established a course of conduct during which the alleged crimes occurred and was relevant to the issue of motive or intent. Rule 404 (b) and *Limber* v. *State*, 264 Ark. 479, 572 S.W.2d 402 (1978). Further, where acts are intermingled and contemporaneous with one another, the evidence with respect to any and all of them is admissible to show the circumstances surrounding the whole criminal episode. *Harshaw* v. *State*, 275 Ark. 481, 631 S.W.2d 300 (1982); *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981); *Russell and Davis* v. *State*, 262 Ark. 447, 559 S.W.2d 7 (1977); and *Easley* v. *State*, 109 Ark. 130, 159 S.W. 36 (1913).

The appellant next asserts that the trial court erred in denying his motion in limine to prevent the state from impeaching him, if he had testified, by a prior felony conviction. He argues that Rule 609 (b), Uniform Rules of Evidence, requires that the trial court should have granted this motion because the prejudicial effect of his prior conviction for murder outweighed its probative value. This argument was not made to the trial court, and, therefore, it cannot be considered on appeal. Rule 103 (a) (1), Uniform Rules of Evidence, A.R.Cr.P., Rule 36.21, *Wicks* v. *State*,

270 Ark. 781, 606 S.W.2d 366 (1980), *Pace* v. *State*, 265 Ark. 712, 580 S.W.2d 689 (1979).

Affirmed.