Tommy DOWELL *v.*
STATE of Arkansas

CR 84-83                                    671 S.W.2d 740

Supreme Court of Arkansas
Opinion delivered July 9, 1984

*Harkey, Walmsley, Belew & Blankenship,* by: *John M. Belew,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the Circuit Court of Independence County where appellant was convicted of driving while under the influence of intoxicating liquor. The issue on appeal is whether appellant was in "actual control" of his vehicle within the meanings of the DWI Statute. We hold that he was not.

On October 31, 1982, appellant was found asleep in his automobile which was parked with the motor not running, in the driveway of a business near the highway. His keys were in the seat of the vehicle by appellant's side. At the time of the alleged offense Ark. Stat. Ann. § 75-1027 was in effect and reads as follows: "It is unlawful and punishable as provided in Section 3 [§ 75-1029] of this Act for any person

who is under the influence of intoxicating liquor to drive or be in actual control of any vehicle within this State."

Under the circumstances of this case we hold that appellant was not in actual control of his vehicle within the meaning of the statute. He may not have been the person who drove the vehicle to where it was parked. If he drove it to the place where it was found he may have become intoxicated later. Criminal laws are to be strictly construed in favor of the accused. *Lewis* v. *State,* 220 Ark. 259, 247 S.W.2d 195 (1952). We are without authority to declare an act to come within the criminal laws of this state by implication. *Lewis* v. *State, supra.*

Reversed and dismissed.

ADKISSON, C.J., and HICKMAN, J., concur.

DUDLEY, J., not participating.