Steve Anthony WIYOTT *v.* STATE of Arkansas

CR 84-178                                    683 S.W.2d 220

Supreme Court of Arkansas
Opinion delivered January 21, 1985

*Henry & Mooney,* by: *Wayne Mooney,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant appeals from his second offense conviction of driving while intoxicated by a jury in Crittenden County, Arkansas. He urges us to reverse his conviction because the trial court erred in allowing into evidence the appellant's and his male companion's state of dress (or undress) and because the evidence was insufficient to support the finding that he was in control of the vehicle. We find the state of dress was properly admitted and the evidence to be sufficient to sustain the conviction.

The police were called to the scene about 3:30 a.m. on October 13, 1983, where they discovered the appellant and his male companion asleep or passed out in a vehicle which was parked in the parking area of a grocery store in West Memphis, Arkansas. The officers attempted to awaken them by slapping the roof of the vehicle, banging on the windows and hollering at them. Finally appellant was awakened and looked at the officers, then reached for the key, which was in the ignition, and attempted to start the vehicle. He was at that moment physically prevented from attempting to drive the automobile when the officers opened the door and grabbed him and took the keys from the ignition switch. The appellant was undressed from the waist down and his companion was undressed from the waist up. The officers later testified that there was a strong odor of alcohol in the car and on the appellant's breath, that his eyes were bloodshot and that he was unable to walk. He refused to take the intoxalyzer test or to sign any papers

We first consider whether it was error to allow the jury to consider the state of dress of the occupants of the parked vehicle. The charge here is pursuant to Ark. Stat. Ann. § 75-2503(a) which prohibits being in control of a vehicle while "intoxicated." The state was allowed to introduce the disputed evidence in support of the charge of intoxication. Even though the evidence presented may have indicated

guilt of a separate misdemeanor, it was nevertheless relevant to show a course of conduct during the commission of the offense charged. *Perry* v. *State,* 277 Ark. 59, 639 S.W.2d 344 (1982). When acts are so intermingled and contemporaneous with one another the evidence of all of them is admissible to show the circumstances surrounding the episode. *Perry* v. *State,* supra; *Harshaw* v. *State,* 275 Ark. 481, 631 S.W.2d 300 (1982); *Russell & Davis* v. *State,* 262 Ark. 447, 559 S.W.2d 7 (1977).

Having decided the evidence was relevant we must now decide whether it should have been excluded pursuant to Uniform Rule of Evidence 403. This rule provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *Gruzen* v. *State,* 267 Ark. 380, 591 S.W.2d 342 (1979), cert. denied, 449 U.S. 852 (1980) and 459 U.S. 1020 (1982). Appellant relies on the case of *Pitts* v. *State,* 273 Ark. 220, 617 S.W.2d 849 (1981) to support his argument that evidence of homosexuality should have been excluded. *Pitts* is distinguishable. In the first place, the evidence in *Pitts* indicated the decedent was not homosexual. Additionally, the trial court ruled that references to homosexuality were not relevant and their admission would likely produce unfair prejudice outweighing any possible probative value. Whether to allow evidence establishing other crimes under certain circumstances is a matter that is within the discretion of the trial court. We will not reverse on appeal unless the trial court has abused his discretion. *Price* v. *State,* 268 Ark. 535, 597 S.W.2d 598 (1980).

We must consider Unif. R. Evid. 404 in conjunction with the argument relating to Rule 403. Rule 404 prevents evidence of other crimes, wrongs or acts from being admitted for certain purposes. The rule specifically allows evidence of other crimes for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. There seem to be more exceptions to this rule than there are adherences. This evidence, like evidence pursuant to Rule 403, is a matter within the discretion of the trial court. *Price* v. *State,* supra. The appellant's mode of dress on this occasion was certainly

not compatible with that of a normal person who was not intoxicated. Under the circumstances of this case we hold that the trial judge did not abuse his discretion in allowing this evidence to be introduced.

We must now decide the issue of whether appellant was in control of a vehicle within the meaning of Ark. Stat. Ann. § 75-2503 (a) (Supp. 1983). The appellant was found behind the steering wheel. The keys were in the ignition and when appellant awoke he attempted to start the vehicle. It does not matter that he failed to drive the vehicle away because he was prevented from doing so by the officers. There is no evidence that any one else had control over the automobile. We think the evidence in this case indicates that appellant was as much in control of his vehicle as an intoxicated person could be. No doubt any person who is intoxicated would be unable to control his vehicle in a safe and prudent manner. The Oklahoma Court of Criminal Appeals has considered a situation very similar to this one and pursuant to the same type of statute. We find the case of *Hughes* v. *State,* 535 P.2d 1023 (1975) to be persuasive. Hughes was seated beneath the steering wheel, slumped at an angle toward the passenger's side, in a parked vehicle with the key in the ignition. The engine was not running and the driver was asleep. He was aroused by the investigating officers. Under those circumstances the Oklahoma Court of Criminal Appeals held that Hughes was in actual physical control of his vehicle within the meaning of the statute. The Oklahoma Court, in *Hughes,* in speaking about control stated: "the control contemplated meant more than the 'ability to stop an automobile,' but meant the 'ability to keep from starting,' 'to hold in subjection,' 'to exercise directing influence over,' and 'the authority to manage.' " (P. 1024) In the present case the evidence would support the finding that the appellant was exercising direct influence over his vehicle and had the authority to manage it. At any moment he could have awakened and started his vehicle. Although he probably would have been unable to safely guide and direct his vehicle, he nevertheless had control of it and could have attempted to drive it.

Affirmed.