Greg ALTES *v.* STATE of Arkansas

CR 85-12                                          689 S.W.2d 541

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*Sexton, Nolan, Robb & Cuddell, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is an appeal of a conviction for DWI and the only question is whether the appellant was in control of his vehicle when he was drunk. There is no dispute that Altes was drunk, having registered .27 on the intoximeter. Altes contended at trial, however, that he did not drink anything until after he ran his truck into a ditch so that he was never in control of his truck while he was drunk. The prosecuting attorney argued that Altes' story was "utterly fantastic." Undoubtedly, the trial judge agreed and found that Altes was intoxicated while he was in control of his vehicle in violation of Ark. Stat. Ann. § 75-913 (Supp. 1983).

We have had three recent cases on the question of control. In the first case, the defendant was found asleep in his parked car with the keys in the seat. We found that the defendant was not in control. *Dowell* v. *State*, 283 Ark. 161, 671 S.W.2d 740 (1984). In the second case, the defendant was found asleep behind the wheel of his car with the keys in the ignition. When awakened by the police, the defendant tried to start his car, and we found that he was in control. *Wiyott* v. *State*, 284 Ark. 399, 683 S.W.2d 220 (1985). In the third case, which is very similar to this case, the defendant was found drunk beside his vehicle, which was stranded in the median of a divided highway. The driver told the

trooper he had driven there. The trooper could not testify how long the truck had been stranded. The defendant was found to have been in control. *Azbill* v. *State*, 285 Ark. 98, 685 S.W.2d 162 (1985).

In this case the only difference is that other people were at the scene helping the owner remove his vehicle from the ditch. At 12:17 a.m. an officer arrived on the scene, after being flagged down by a passing motorist. Altes was standing beside the door of his vehicle, the door was open, the motor was running, and he was drunk. Altes' friend, Gary Rackley, was under the truck. Altes confessed to the officer that he had been driving when the truck went into the ditch. The officer smelled alcohol on him, took him to the station at 12:56 a.m., and administered the intoximeter test, which registered .27.

At the trial, Altes and Rackley told their version of what happened. They had been to a bowling alley playing pool most of the evening where Altes had had nothing to drink. When they left about midnight, in separate vehicles, Altes said it had been raining and the highway was slick; he lost control on a curve and ran his truck into the ditch. Since it was only two or three blocks to Rackley's house, he went there for help. Rackley said that Altes asked him for something to drink and he gave Altes a three-quarters full pint of whiskey which Altes immediately consumed. Altes said that Rackley suggested that he have something to drink, offered him the whiskey and he drank almost a pint "as fast as I could." They returned to the truck. A passing motorist stopped, and they made an effort to pull the truck out. Altes said he attached a chain under the truck himself to make sure it was hooked properly, and Rackley drove the truck as it was being pulled; but he allowed Rackley to unhook the chain, the position Rackley was in when the officer arrived. Both insisted that Altes was never in the truck during this process.

Altes argues that there is no evidence that he was drunk when he was driving. In the other "control" cases cited, none of the drivers were driving their vehicles or seen driving their vehicles when drunk. In *Azbill* v. *State, supra*, the appellant was found drunk standing beside his vehicle and admitted that he had been driving it. The same facts exist here except for the story told by Altes and his friend.

■ The trial court did not have to accept Altes' story. Altes'

story about drinking the whiskey seems tailor-made to explain why the intoximeter reading was so high. Altes' particularity with his truck in hooking up the chain himself but allowing Rackley to unhook the chain sounds suspect. In short, it was a story the court could easily conclude was pure fabrication to support a contention Altes got drunk after the accident and thereafter was never in the vehicle.

The circumstantial evidence is that Altes was drunk, standing by his truck with the motor running and the door open. He confessed he was driving the truck when it went into the ditch. On appeal the test is whether there is substantial evidence to sustain the conviction. *Booner* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984). Circumstantial evidence can be substantial evidence. *Coleman* v. *State*, 283 Ark. 359, 676 S.W.2d 736 (1983). The evidence must present proof so that the finding does not rest on conjecture. *Rode* v. *State*, 274 Ark. 410, 625 S.W.2d 469 (1981). Altes' story might be true; however, the trial court found it false. We are unable to say there is no substantial evidence to support that finding.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The appellant was found guilty by the use of conjecture and speculation that he had driven the vehicle while intoxicated. This court has affirmed by the use of conjecture and speculation or possibly by the use of clairvoyant powers. There is not a scintilla of evidence to support the conclusion that appellant had been drinking before the accident.

The majority opinion might have some semblance of soundness if it simply stated that appellant became intoxicated after the vehicle became stuck in the mud but he was nevertheless in control of it at the time of the arrest. The approach of the majority has placed us in the position of a super-jury and that we are not. Of course this theory could also be wrong because anyone with knowledge of the testing apparatus knows that with alcohol still in the mouth a test is unreliable. There was no second test given although appellant expressed a desire to obtain one. In fact he was allowed to make three or four phone calls from the police station to try to locate money for another test. Apparently he was not too drunk to exercise sound judgment in the matter.

Undisputed testimony of witnesses in court reveals that appellant had been at a bowling alley for two or three hours before the incident. According to the appellant and a witness he had not had anything of an alcoholic nature to drink until after the accident. The arresting officers testified they did not know how long the car had been in the ditch, whether appellant had had anything to drink before the incident, or whether appellant had control of the vehicle after it went into the ditch. Also, the officers admitted that appellant could have drunk the alcohol after he left the scene to get help.

We went as far as possible in *Wiyott* v. *State*, 284 Ark. 399, 683 S.W.2d 220 (1985). We went too far in *Azbill* v. *State*, 285 Ark. 98, 685 S.W.2d 162 (1985). Wiyott was behind the steering wheel of his vehicle and the key was in the ignition. Furthermore, he attempted to start the vehicle when he became aware the officers were present. Azbill, like appellant, was standing beside his vehicle which also had gone into the ditch. The sole redeeming fact to support the conviction of Azbill was that he admitted he had driven from Jonesboro. Neither was there proof that he had become intoxicated after the mishap. We made a correct and sound determination in *Dowell* v. *State*, 283 Ark. 161, 671 S.W.2d 740 (1984), and I think we should return to the principles established therein.

Although I may suspect that appellant ingested some intoxicants before the mishap, I have no right to rely on suspicion. I am bound by the proof and the law. This case should be reversed and dismissed.