Don BRYANT *v.* STATE of Arkansas

CA CR 85-67                                   696 S.W.2d 773

Court of Appeals of Arkansas
Division II
Opinion delivered October 2, 1985

46

*Hale, Lee, Young, Green, Ward & Morley*, by: *Stephen E. Morley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this non-jury criminal case, the appellant was convicted of driving while intoxicated, second offense. He was fined $750.00 and sentenced to six months in jail, with all but seven days of the sentence suspended on the condition that the appellant complete a D.W.I. school course and commit no alcohol-related offenses within six months following his conviction. His driver's license was suspended for one year. From that decision, comes this appeal.

On September 9, 1984, the appellant was arrested by Arkansas State Trooper Larry Mitchell. Trooper Mitchell testified that, when he arrived at the scene of an accident, Trooper Gifford already had the appellant in his car. Trooper Mitchell testified that he put the appellant in his car and read him his *Miranda* rights at 11:06 A.M., after which time the appellant signed a waiver of those rights. The trooper testified that he then asked the appellant several questions at 11:16 A.M., which were answered as follows:

> Mr. Bryant, is the Blue Volkswagen in the ditch license plate number Lincoln, Robert, Charles 761, on highway 167, yours, he answered yes, it is; were you driving the vehicle when it went into the ditch, he answered, yes, I was; have you had anything to drink since driving off into the ditch, no, sir; how much have you had to drink . . . how much had you had to drink before the accident, he said, maybe half a pint.

Trooper Mitchell then testified that he transported the appellant to the Searcy Police Department where the appellant executed another waiver of rights form. He stated that the appellant told him that he understood those rights and then the appellant signed the form. The appellant agreed to take the breathalyzer test, and it was administered at 11:57 A.M., at which time his blood-alcohol level registered 0.28 percent. Trooper Mitchell testified that the appellant had nothing to drink for at least forty-five minutes prior to taking the test. He further stated that there was a fifth of whiskey in the car which was about half empty.

The appellant's first contention on appeal is that the

trial court erred in finding that he voluntarily, knowingly, and intelligently waived his *Miranda* rights. The appellant contends that the breathalyzer test results show that he was too intoxicated to have voluntarily, knowingly, and intelligently waived his rights against self-incrimination. While the State has the burden of proving, by a preponderance of the evidence, the voluntariness of a custodial confession, any conflict in the testimony of the witnesses is for the trial court, as factfinder, to resolve. *State* v. *Graham*, 277 Ark. 465, 642 S.W.2d 880 (1982). Although this Court is required to make an independent determination, based on the totality of the circumstances with all doubts resolved in favor of individual rights, of whether the accused voluntarily, knowingly, and intelligently waived his rights, we will not reverse the trial court unless its determination is clearly erroneous. *Id.* There is no question but that the appellant was entitled to be given his *Miranda* rights, *see Berkemer* v. *McCarty*, ___ U.S. ___, 104 S.Ct. 3148 (1984), and the appellant acknowledges that those rights were given him.

The question, then, is whether the trial court was correct in holding that the appellant was not too intoxicated to have voluntarily, knowingly, and intelligently waived his rights. The mere fact that he had been drinking at the time of his confession will not, of itself, invalidate his subsequent confession. Recent drinking does not make the confession inadmissible, but only goes to the weight to be accorded it. *Kennedy* v. *State*, 255 Ark. 163, 499 S.W.2d 842 (1973). " 'The test is whether he had sufficient mental capacity at the time of giving his statement to know what he was saying to have voluntarily intended it.' " *Id.* at 173 (quoting *Commonwealth* v. *Smith*, 447 Pa. 457, 291 A.2d 103 (1972)); *Johnson* v. *State*, 6 Ark. App. 342, 642 S.W.2d 324 (1982). " ' "[I]f it is shown that the accused was intoxicated to the degree of mania, or of being unable to understand the meaning of his statement, then the confession is inadmissible." ' " *Kennedy*, 255 Ark. at 174 (quoting *Longuest* v. *State*, 495 P.2d 575 (Wyo. 1972) (quoting *People* v. *Schombert*, 19 N.Y.2d 300, 226 N.E.2d 305, 279 N.Y.S.2d 515, (1967))).

In the case at bar Trooper Mitchell, who read the appellant his rights, testified that, although the appellant was very intoxicated, he was not in a stupor and that he responded

intelligently to questions. The trooper testified that, at the time of the arrest, the appellant had a very strong odor of alcohol about him; he was unsteady on his feet; and his speech was very slurred. However, the trooper testified that the appellant appeared to understand what was going on when he read him his rights; he was able to understand and follow the instructions he was given pursuant to his arrest; and that the appellant had no problems following the step-by-step procedure required of him by the officer conducting the breathalyzer test. While the appellant testified that he could only remember bits and pieces of the questioning, it was for the trial court to determine the credibility of the witnesses, and the court is not required to give the appellant's testimony greater weight than that of the police officer. *Altes v. State*, 286 Ark. 94, 689 S.W.2d 541 (1985).

In effect, the appellant is asking that this Court hold that a person whose blood-alcohol level is above a certain percentage is unable, as a matter of law, to voluntarily, knowingly, and intelligently waive his Fifth Amendment rights. We decline to do so. We have not found, nor has counsel cited to us, any state which has set such a mandatory cutoff. *See* Annot., 25 A.L.R.4th 419, Section 8[e] (1983). The courts look at all circumstances, including the defendant's blood-alcohol level, to determine if the accused was too intoxicated to waive his rights, noting that different individuals have differing tolerances and abilities to control the effects of alcohol. *Id.* In one case, the Arizona Supreme Court refused to hold an accused's confession involuntary merely because he had a blood-alcohol level of 0.46 percent, as there was other evidence which indicated that he knew what he was doing. *See Arredondo v. State*, 111 Ariz. 141, 526 P.2d 163 (1974). In the case at bar the trooper's testimony, as well as that of Officer Marvin Harris, who administered the breathalyzer test, amply supports the trial court's ruling that the appellant did voluntarily, knowingly, and intelligently waive his rights, and therefore, the confession was admissible.

The appellant next contends that the evidence was insufficient to sustain his conviction because there is no independent evidence that the offense of D.W.I. was committed. In criminal cases, we view the evidence in the light most favorable to the appellee, and where we find substantial evidence to support the verdict, we must affirm. *Fountain v. State*, 273 Ark. 457, 620

S.W.2d 936 (1981). In order for the appellant's conviction to stand, his out-of-court confession must be accompanied by other proof that the offense was committed. Ark. Stat. Ann. Section 43-2115 (Repl. 1977). This corroborating evidence need not be sufficient to sustain a conviction. *Sawyer v. State*, 284 Ark. 26, 678 S.W.2d 367 (1984).

Here the appellant admitted in court that the car was his and that he was driving the vehicle when it became stuck in the ditch. Trooper Mitchell testified that, when he arrived, the appellant was intoxicated. He further stated that he found a half-empty bottle of whiskey in the appellant's car. While the appellant testified at trial that he had done all his drinking, with the exception of a few drinks the night before, after the accident, the trial court was not required to believe his testimony. *Altes, supra.* In *Altes*, the defendant contended, as does the appellant here, that all his drinking was done subsequent to driving into the ditch and, unlike the case at bar, the defendant in *Altes* never made a confession to the police. In both *Altes*, and *Azbill v. State*, 285 Ark. 98, 685 S.W.2d 162 (1985), the Arkansas Supreme Court found that evidence that the defendant had driven the vehicle into the ditch and, when discovered by the police, was standing by the vehicle in an intoxicated condition, was sufficient to sustain a conviction for D.W.I. Likewise, we find the evidence in the case at bar sufficient to sustain the appellant's conviction, and we also find it sufficient to corroborate his out-of-court confession.

The appellant's last point on appeal is that the trial court erred in admitting a certified court copy of a prior conviction for D.W.I. In Sherwood Municipal Court which, according to counsel, stated that the appellant had "waived counsel". The appellant, however, in his opening brief, failed to abstract the copy of the prior conviction. He attempted to remedy this defect by providing a supplemental abstract of the copy in his reply brief. It is a settled rule that an appellant may not remedy deficiencies in his abstract in a reply brief. *Smith v. State*, 278 Ark. 462, 648 S.W.2d 792 (1983), *cert. denied* 464 U.S. 890, 104 S.Ct. 232 (1983); *Weston v. Ponder*, 263 Ark. 370, 565 S.W.2d 31 (1978). However, even if the supplemental abstract were part of the original brief, it would still be deficient because it fails to set forth the copy of the prior conviction alleged to have been

this defect by providing a supplemental abstract of the certificate stating that the copy was "a true and accurate copy of the Order entered" in his reply brief. It is a settled rule that an appellant may not remedy deficiencies in his abstract in a reply brief. *Smith v. State,* 278 Ark. 462, 648 S.W.2d 792 (1983), *cert. denied* 464 U.S. 890, 104 S. Ct. 232 (1983); *Weston v. Ponder,* 263 Ark. 370, 565 S.W.2d 31 (1978). However, even if the supplemental abstract were part of the original brief, it would still be deficient because it fails to set forth the copy of the prior conviction alleged to have been

erroneously admitted. While we could affirm on this point alone, we feel that, upon examination of the record, the copy of the conviction is sufficient to show waiver of counsel because it is a certified part of the court record. *See Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985); *Williford* v. *State*, 284 Ark. 449, 683 S.W.2d 228 (1985).

We find no merit in any of the points raised for reversal, and therefore, we affirm.

Affirmed.

CORBIN and GLAZE, JJ., agree.