Harrell DESHAZIER, Sr. *v.* STATE of Arkansas

CA CR 88-122                                       761 S.W.2d 952

Court of Appeals of Arkansas
En Banc
Opinion delivered December 21, 1988
[Rehearing denied January 25, 1989.]

*Cross, Kearney & McKissic*, by: *Jesse L. Kearney*, for

appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

BETH GLADDEN COULSON, Judge. ■ Appellant, Harrell Deshazier, Sr., argues two points for reversal of his conviction under the Omnibus DWI Act. The first point concerns the trial court's refusal to grant appellant's motion for a directed verdict, while the second point involves the sufficiency of the evidence. Because, as we noted in *Nelke* v. *State*, 19 Ark. App. 292, 720 S.W.2d 719 (1986), a motion for a directed verdict is a challenge to the sufficiency of the evidence, we will consider the two arguments as one. Nothing appellant has advanced has persuaded us that the trial court erred.

The record reveals that appellant was arrested by Deputy Troy Keathley of the Prairie County Sheriff's Office on January 11, 1987, for driving while intoxicated. Officer Keathley, responding to an accident call, found appellant asleep, seated behind the steering wheel of his vehicle, which was in a ditch. The deputy knocked on appellant's window, and appellant immediately got out. Officer Keathley noticed the odor of alcohol on appellant and placed him under arrest for driving while intoxicated. After appellant was taken to the county jail he was given a breathalyzer test and registered .14 percent.

Appellant was convicted under the provisions of Ark. Code Ann. § 5-65-103 (1987):

> (a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

> (b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.

This case was tried by the court without a jury. The judgment signed by the judge made the specific finding that "The State has met its burden of proof by showing the Defendant did

operate or was in actual physical control of his motor vehicle with a blood-alcohol content of .14%."

Appellant admitted having driven his car into the ditch and having attempted to get it out. He was given a breathalyzer test and registered .14%. Appellant told the investigating officer that he had been run off the road and into a ditch by another driver. Appellant testified that he began drinking after the accident because he was upset. The trial court chose not to believe his testimony. A trial judge is not required to accept a criminal defendant's testimony, *Altes* v. *State*, 286 Ark. 94, 689 S.W.2d 541 (1985), especially since an accused is the person most interested in the outcome of the trial, *Zones* v. *State*, 287 Ark. 483, 702 S.W.2d 1 (1985). In determining the issue of sufficiency of the evidence, we view the evidence in the light most favorable to the appellee, and the judgment must be affirmed if there is any substantial evidence to support the finding of the trier of fact, *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986), whether tried by judge or jury, *Holmes* v. *State*, 15 Ark. App. 163, 690 S.W.2d 738 (1985).

On the facts, we find this case very similar to *Altes* v. *State, supra.* In this case the court said:

> The circumstantial evidence is that Altes was drunk, standing by his truck with the motor running and the door open. He confessed he was driving the truck when it went into the ditch. On appeal the test is whether there is substantial evidence to sustain the conviction. *[Boone]* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984). Circumstantial evidence can be substantial evidence. *Coleman* v. *State*, 283 Ark. 359, 676 S.W.2d 736 [1984]. The evidence must present proof so that the finding does not rest on conjecture. *Rode* v. *State*, 274 Ark. 410, 625 S.W.2d 469 (1981). Altes' story might be true; however, the trial court found it false. We are unable to say there is no substantial evidence to support that finding.

Affirmed.

JENNINGS and CRACRAFT, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. There were only two witnesses at the trial in this case. Officer Keathley testified that at

about 7:00 a.m. on January 11, 1987, he received a call reporting an accident in Ulm, Arkansas. When he arrived at 8:30 a.m., he found Deshazier asleep behind the wheel of his car, which had run off the road. The engine was off and the officer testified he did not know where the keys were. He arrested Deshazier because he smelled alcohol on him and in the vehicle.

Officer Keathley testified that it was 10:00 a.m. when he returned with Deshazier to the county jail to give him a breathalyzer test. He testified that he determined from his own observation that Deshazier's car was not operational. He said that when he arrived on the scene, a tow truck operator told him that he had seen Deshazier's car there at about 5:00 a.m. He testified that Deshazier told him he started drinking after the accident.

In denying the defendant's motion for directed verdict the trial court said:

> Defendant is not required, of course, to prove that he was not operating the vehicle. The burden is on the prosecution to do that. However, the motion is denied because Act 549 provides either operating or in control of the vehicle. The evidence thus far is that the defendant was the only occupant in the vehicle, sitting behind the wheel, therefore, he was in control as far as the motion is concerned.

After the motion was denied, Deshazier testified that he was employed both as the manager of a liquor store in Pine Bluff and as a train master for St. Louis Southwestern Railroad in Memphis, Tennessee. He testified that he closed the liquor store at about midnight, took a nap, and left for Memphis at about 3:00 a.m., the morning of the accident. He said that he was run off the road by an on-coming vehicle and hit a culvert. According to Deshazier, this occurred at about 4:00 a.m. He said the accident tore the drive shaft out of the vehicle and jerked the left axle completely out from under it. He testified that he had not been drinking prior to the accident. He was required to be at work at Memphis at 7:00 a.m. and said he never came to work drunk. He had brought a pint of liquor with him from the liquor store to give to his crew members after they got off duty. He said that after the accident and while waiting for the tow truck he drank some of it.

In delivering his decision from the bench, the trial court said:

The court has also reviewed Act 549, which makes it illegal in § 3(a) for a person who is intoxicated to operate or be in full physical control of the motor vehicle. The court has reviewed the case of *Denny* v. *State*, decided by the court of appeals on April 23, 1986. Let me just read you the factual scenario in that case. In that case the car occupied by the defendant was stuck. The defendant admitted he was intoxicated when the officer arrived but claimed the car was not a motor vehicle because it was stuck and not capable of transporting persons or property on the highway as defined by 75-102. He also contended that he was not in control of that vehicle because the vehicle was not operable at the time of his arrest, which seems to me to be the same argument presented by the defense on the motion, and the court of appeals rejected those arguments and sustained the defendant's conviction for DWI. That's *Denny* v. *State*, decided April 23, 1986. So the court stands by its ruling on defendant's motion.

Regardless of the statement in the court's order that the trial judge found that the State had met its burden of proof by showing the defendant "did operate or was in actual physical control of his motor vehicle" while intoxicated, it is clear to me from what the court said that the trial judge was convinced that Deshazier was in "actual physical control" of his vehicle at the time Officer Keathley arrived. If this is the basis for the conviction it cannot be sustained. In *Dowell* v. *State*, 283 Ark. 161, 671 S.W.2d 740 (1984), the defendant was found asleep in his car, which was parked with the motor not running. The keys to the vehicle were in the seat beside the defendant. The court held that this evidence was insufficient to show that the defendant was in actual control of his vehicle within the meaning of the statute.

Furthermore, I cannot agree that one can be in "actual control" of a vehicle which is concededly totally inoperable. *See People* v. *Hoffman*, 280 N.Y.S.2d 169, 53 Misc. 2d 1010 (1967).

As I understand the majority opinion, it holds that the trial judge actually found that Deshazier was operating his vehicle while intoxicated at the time of the accident, and that the evidence will support such a finding. In my view that is not what the trial court found, nor would such a finding be supported by

this record. The majority relies on *Altes* v. *State*, 286 Ark. 94, 689 S.W.2d 541 (1985). A careful reading of *Altes* demonstrates that the supreme court held that there was adequate circumstantial evidence to support the trial court's finding that the defendant was operating his vehicle while intoxicated. In *Altes* a police officer arrived at the scene of an accident at 12:17 a.m. Altes was standing beside the door of his car, the door was open, the motor was running, and he was drunk. He told the officer that he had been driving when the truck went into the ditch. He was taken to the police station before 1:00 a.m. and registered .27 on the breathalyzer.

At trial, Altes testified that he and a friend had been playing pool at a bowling alley most of the evening and had had nothing to drink. He said they left about midnight and that, after he lost control on a curve and ran into the ditch, he immediately drank almost a pint of whiskey as fast as he could. The supreme court said that Altes' story was one the trial court could easily conclude was "pure fabrication," and that there was substantial evidence, albeit circumstantial, to support the conviction.

While it is true that in the case at bar the trial court was not obliged to believe Deshazier's testimony, Deshazier's story is not only plausible, it was corroborated in some respects by the testimony of Officer Keathley. More importantly, the record persuades me that the trial court did believe Deshazier's testimony and found him guilty only because the court thought that he was in actual control of the vehicle when the officer arrived.

I would reverse and dismiss.

CRACRAFT, J., joins in this dissent.