Laurie BECKNER *v.* STATE of Arkansas

CA CR 94-765                                      896 S.W.2d 445

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1995

*William R. Simpson, Jr.*, Public Defender, *Jerry Sallings*, Deputy Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with driving while intoxicated. After a de novo bench trial in circuit court, she was convicted of that offense, fined $500, sentenced to one day in jail, and ordered to complete an alcohol treatment program. In addition, her driver's license was suspended for 90 days. From that conviction, comes this appeal.

Arkansas Code Annotated § 5-65-103 (Repl. 1993) makes it unlawful for any person who is intoxicated to be in actual physical control of a motor vehicle. The only issue before us on appeal is whether the evidence was sufficient to establish that the appellant was in actual physical control of a motor vehicle.

At trial, Officer Adkins testified that he noticed a car with its engine running in front of a house where he had made sev-

eral narcotic arrests. A passenger got out of the car, but the appellant remained inside it. After observing the appellant inside the car for about five minutes, Officer Adkins started to approach her. The appellant then got out of the car, turned it off, and started walking toward the house, whereupon she was approached by her husband. When asked how she got to the house, the appellant replied that her husband directed her down there so he could get some narcotics.

The appellant argues that the case at bar is distinguishable from *Wiyott* v. *State*, 284 Ark. 399, 683 S.W.2d 220 (1985), and *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985). In *Wiyott, supra,* the Supreme Court held that there was sufficient evidence of actual physical control where the defendant was found asleep behind the wheel of a parked vehicle which was not running, but where the keys were in the ignition. In *Roberts, supra,* the defendant was found to be in actual physical control of a vehicle lodged against a building in a parking lot where the defendant was asleep behind the wheel, the car and building were damaged, the ignition key was turned on, the gearshift lever was in the "drive" position, but the engine was not running.

The appellant contends that both *Wiyott* and *Roberts* are to be distinguished because no one testified that the appellant had driven the car in the case at bar. We do not agree because we think that the evidence was sufficient to permit the fact-finder to infer that the appellant had driven the car shortly before her arrest.[1] We hold that the appellant's DWI conviction is supported by substantial evidence, and we affirm.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.

---

[1]Although we do not reach the issue, we note that the appellant's act of turning off the car might in itself be sufficient to support a finding of actual physical control under *Wiyott*, where the Court quoted with approval from an Oklahoma case stating that "the control contemplated meant more than the 'ability to stop an automobile,' but meant the 'ability to keep from starting,' 'to hold in subjection,' 'to exercise directing influence over,' and 'the authority to manage.'" *Wiyott*, 284 Ark. at 402. The Court's decision in *Wiyott* was based squarely on its conclusion that there was sufficient evidence to support a finding that the defendant in that case had exercised directing influence over his vehicle and had the authority to manage it. *Id.*