Edwin D. DIEHL *v.* STATE of Arkansas

CA CR 98-304                             975 S.W.2d 878

Court of Appeals of Arkansas
Division II
Opinion delivered October 14, 1998

*Gene O'Daniel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The appellant was convicted at a bench trial of DWI, second offense. He argues on appeal that there was insufficient evidence to sustain the conviction because he was not in actual control of the vehicle. We disagree and affirm.

On November 14, 1996, at approximately 9:00 p.m., Officer Larry Behnke of the Pulaski County Sheriff's Office was patrolling

the parking lot of Ton's Place, a sports bar. The night was cold, and Officer Behnke saw exhaust coming from the tailpipe of a 1987 Chevrolet pickup. Officer Behnke's investigation of said vehicle resulted in his finding the appellant on the driver's side behind the steering wheel slumped over in the seat apparently unconscious. The doors of said vehicle were locked, and the keys were in the ignition with the engine running. Officer Behnke assisted Sergeant Brawly in helping the appellant out of the vehicle. As the officers moved appellant away from the vehicle, appellant stated that he had a designated driver. The appellant was then taken to Sherwood intake where he was administered a breathalyzer test. The result of the BAC test was .23%.

■ On appeal, the test is whether there is substantial evidence to sustain the conviction. *Boone v. State*, 282 Ark. 274, 668 S.W.2d 17 (1984). Substantial evidence is direct or circumstantial evidence that is forceful enough to compel a conclusion one way or another and which goes beyond mere speculation or conjecture. *Harris v. State*, 331 Ark. 353, 961 S.W.2d 737 (1998). In making this determination, we review the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* The resolution of credibility issues is within the province of the trial court. *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

■ To convict the appellant of DWI, the State had to prove that the appellant was intoxicated and that he either operated or was in actual physical control of the motor vehicle. Ark. Code Ann. § 5-65-103 (Repl. 1997). The appellant readily admits that he was intoxicated when approached by Officer Behnke, but denies that he was in actual physical control of the vehicle. The appellant and several witnesses testified that he had a designated driver and that the appellant went out to warm up the pickup because it was cold. The appellant relies on *Dowell v. State*, 283 Ark. 161, 671 S.W.2d 740 (1984), for the proposition that he was not in actual physical control of the vehicle. However, the *Dowell* case is not on point with this case. In *Dowell*, the appellant was found asleep in his car with the keys in the seat beside him. The motor was not running. We find the case of *Blakemore v. State*, 25 Ark. App. 335, 758 S.W.2d 425 (1988), cited by the State, to be

more on point with the present case. In *Blakemore*, the officers saw a red pickup truck sitting in front of a business. The motor was running and the lights were on. The appellant was either "asleep or passed out" in the front seat of the truck, and the officer had a hard time waking him up. The officer noted the strong odor of alcohol on the appellant. The appellant asserted on appeal that he was not in actual physical control of the vehicle. We hold that since the appellant could have awakened at any moment and started the car, he was in actual physical control. *Id.* The same holds true in this case as well. The appellant was slumped over in the driver's seat of the car with his legs under the steering wheel, at which time the keys were in the ignition with the motor running. We have no hesitancy in holding that the appellant was in actual physical control of the vehicle, and we affirm.

MEADS and ROAF, JJ., agree.