Austin STEPHENSON *v.* CITY of FORT SMITH

CA CR 00-155                          36 S.W.3d 754

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered October 18, 2000

*Claire Borengasser*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The Sebastian County Circuit Court found the appellant, Austin Stephenson, guilty of second-offense driving while intoxicated and sentenced him to forty-five days in the Sebastian County Detention Center with thirty-one days suspended, fined him $950, and ordered him to complete an alcohol treatment program. In addition, the court found appellant guilty of refusal to submit to a breath test and suspended appellant's driver's license for six months. On appeal, appellant presents two arguments: (1) the trial court erred in finding appellant in actual physical control of a motor vehicle within the meaning of the DWI statute, and (2) the trial court erred in finding appellant guilty of refusal to submit to a breath test when the facts did not show appellant in actual physical control of a motor vehicle. We agree and reverse on both points.

The parties stipulated that on July 7, 1999, at approximately 10:22 p.m., Officer Ron Depriest of the Fort Smith Police Department was dispatched to the "Kwik Trip" to investigate a person who was passed out behind the wheel of a vehicle. When he arrived, Officer Depriest saw a white Chevrolet pickup truck parked in front of the Kwik Trip's doors. The officer found appellant asleep, intoxicated, and sitting behind the steering wheel. Officer Depriest did not see appellant "driving the truck or otherwise physically operating it." However, the driver's side window was down; the motor and the car lights were off; and the keys to the vehicle were on the car dashboard.

For appellant's first point on appeal, he argues that the trial court erred in finding that he was in actual physical control of a motor vehicle. Appellant challenges the sufficiency of the evidence in regard to his driving-while-intoxicated conviction. "Actual physical control" of a vehicle is an element of driving while intoxicated pursuant to Ark. Code Ann. § 5-65-103 (Repl. 1997). Appellant contends that there is insufficient evidence that he had actual physical control of the vehicle.

■■ When the sufficiency of the evidence is challenged on appeal, the test is whether the evidence is substantial. *Diehl v. State*, 63 Ark. App. 190, 975 S.W.2d 878 (1998). Evidence is substantial if it is forceful enough to compel a conclusion one way or another and goes beyond mere speculation or conjecture. *Id.* Our court reviews the evidence in the light most favorable to the State and considers only evidence that supports the verdict. *Id.*

■ In *Dowell v. State*, 283 Ark. 161, 671 S.W.2d 740 (1984), our supreme court held that Dowell was not in actual control of his vehicle within the meaning of the DWI statute. Dowell was found asleep in his automobile, which was parked with the motor not running. The keys were in the seat of the vehicle by Dowell's side. Here, appellant was also found asleep in his vehicle, which was parked with the motor not running. The keys were on the dash of the vehicle. We find that the case at bar is substantially similar to *Dowell* with the only difference being the location of the keys in the vehicle. Under these circumstances, we do not wish to create a legal distinction between keys found on the seat of a vehicle and keys found on the dash of a vehicle. Therefore, we hold that appellant was not in actual control of his vehicle. Accordingly, we reverse appellant's conviction for second-offense driving while intoxicated.

■ For appellant's second point on appeal, he argues that the trial court erred in finding him guilty of refusal to submit to a breath test when the facts did not show appellant in actual physical control of a motor vehicle. In order to fall under the implied-consent laws, one must operate a motor vehicle or be in actual physical control of a motor vehicle. Ark. Code Ann. § 5-65-202(a) (Repl. 1997). Ark. Code Ann. § 5-65-202(a) provides:

*Implied consent.*

(a) *Any person who operates a motor vehicle or is in actual physical control of a motor vehicle* in this state shall be deemed to have given consent, subject to the provisions of § 5-65-203, to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:

(1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood; or

(2) The person is involved in an accident while operating or in actual physical control of a motor vehicle; or

(3) At the time the person is arrested for driving while intoxicated, the law enforcement officer has *reasonable cause to believe that the person,* while operating or in actual physical control of a motor vehicle, *is intoxicated or has one-tenth of one percent (0.10%) or more of alcohol in his or her blood.*

(Emphasis added.)

The State suggests that Ark. Code Ann. § 5-65-202(a)(3) requires a person to submit to a chemical test if a law enforcement officer has reasonable cause to believe that a person was operating or was in actual physical control of a motor vehicle. We disagree with the State's interpretation of the statute. We have carefully examined section 202 and find that the excerpt "reasonable cause to believe that the person" modifies and concerns the excerpt "is intoxicated or has one-tenth of one percent (0.10%) or more of alcohol in his or her blood." *See State v. Schaub,* 310 Ark. 76, 832 S.W.2d 843 (1992). Moreover, we find that the excerpt "while operating or in actual physical control of a motor vehicle" sets forth a condition precedent to a violation of the implied-consent law as set forth in section 202(a)(3). *See id.*

Because we find that appellant was not operating a motor vehicle or in actual physical control of a motor vehicle, we also must reverse appellant's conviction for refusal to submit to a breath test.

Reversed and dismissed.

ROBBINS, C.J., STROUD and NEAL, JJ., agree.

PITTMAN and MEADS, JJ., dissent.

MARGARET MEADS, Judge dissenting. I do not agree with the majority's conclusion that appellant was not in actual physical control of his vehicle, pursuant to Ark. Code Ann. § 5-65-103 (Repl. 1997). Under these facts, I believe appellant should be found to have been in actual physical control of his vehicle, and I would affirm both convictions.

The majority relies on *Dowell v. State*, 283 Ark. 161, 671 S.W.2d 740 (1984), to support its position. However, the majority fails to recognize a significant fact which I believe distinguishes that case from this one. It is true that Dowell was found asleep in his automobile, parked with the motor not running, with the keys in the seat of the vehicle by appellant's side. Yet it is not clear from the opinion whether Dowell was behind the steering wheel or even whether he was seated in the front seat or back seat of his automobile. The majority assumes, without factual basis, that the keys were found on the front seat of Dowell's vehicle.

In this case, there is no question that appellant was sitting behind the steering wheel of his pickup truck and that the keys were on the dash. Thus, I believe the facts are more akin to *Wiyott v. State*, 284 Ark. 399, 683 S.W.2d 220 (1985), where our supreme court ruled that appellant was in control of a vehicle within the meaning of Ark. Stat. Ann. § 75-2503(a) (Supp. 1983), the predecessor to Ark. Code Ann. § 5-65-103. In *Wiyott*, appellant was found behind the steering wheel of a vehicle, with the key in the ignition; he attempted to start the vehicle when he awoke; and there was no evidence anyone else had control over the vehicle. The court noted: "[T]he evidence would support the finding that appellant was exercising direct influence over his vehicle and had the authority to manage it. At any moment he could have awakened and started his vehicle." *Id.* at 402.

Moreover, I believe that the reasoning of our court in *Hodge v. State*, 27 Ark. App. 93, 766 S.W.2d 619 (1989), is persuasive. There we said that "[t]he object of this legislation is to prevent intoxicated persons from not only driving on the highways, but also from

having such control over a motor vehicle that they may become a menace to the public at any moment by driving it." 27 Ark. App. at 96, 766 S.W.2d at 620.

Here, although the keys were on the dash of the vehicle and not in the ignition, I think there is substantial circumstantial evidence to establish that appellant had actual physical control of the vehicle, because he was sitting behind the steering wheel, no one else was in the truck, and he could easily have become a menace to the public at any moment by driving.

Thus, I agree with the trial judge's finding that appellant, at any moment, could have awakened and started the vehicle and thus was in as much control of the vehicle as an intoxicated person could be. I believe there is substantial evidence to support the conclusion that appellant was in actual physical control of a motor vehicle while intoxicated.

As the majority correctly points out, in order to fall under the implied-consent laws, one must operate a motor vehicle or be in actual physical control of a motor vehicle. Ark. Code Ann. § 5-65-202(a) (Supp. 1999). Because I believe that appellant was in actual physical control of a motor vehicle, then I would also conclude that he is deemed to have given consent to a breath test, and since appellant refused the test, he is guilty of refusing to submit to a breath test.

For these reasons, I dissent.

PITTMAN, J., agrees.