Richard A. KING, Director, Missouri Department of Revenue, Appellant,

v.

Robert W. POLITTE, Respondent,

Richard A. KING, Director, Missouri Department of Revenue, Appellant,

v.

John C. HOVIS, Respondent.

No. 48986.

Missouri Court of Appeals, Eastern District, Southern Division.

Oct. 29, 1985.

Thomas Spencer Hyatt, Public Counsel, St. Louis, for appellant.

David L. Mayhugh, Flat River, for Robert Politte.

REINHARD, Judge.

The Director of the Department of Revenue appeals from judgments rendered in two separate cases, after trials de novo in St. Francois County Circuit Court, reinstating driving privileges that had been revoked by the Department of Revenue (Department) pursuant to the procedures set forth in §§ 302.500–302.540, RSMo Cum. Supp.1984. The two cases were consolidated for purposes of appeal. We reverse and remand.

The basic facts are not contested, and no recitation of them is necessary for a resolution of the purely legal issues raised by the Department on appeal.

The Department alleges that the trial court erred in:

Holding that § 302.500, et seq., required appellant, upon trial de novo, to prove by a preponderance of evidence that Trooper Etheridge arrested respondents upon probable cause to believe they were driving with a blood alcohol content of thirteen-hundredths of one percent or more by weight because such construction results in absurd consequences making the statute unenforceable and counters the

evident intent of the legislature regarding the proof elements for sustaining an administrative license suspension, ... and construing § 302.500, et seq., as a whole and together with other statutes shows that the legislature intended said probable cause standard to be the probable cause required for arresting respondents for driving while intoxicated.

The Department also alleges that the trial court erred in excluding evidence regarding breathalyzer testing, because "§ 302.500, et seq., as a whole requires [the department] to prove upon trial de novo not only that respondents were arrested with probable cause, but that respondents were driving while the alcohol concentration in their blood or breath was in fact thirteen-hundreths of one percent or more by weight."

■■■■ The Missouri Supreme Court recently considered the issues raised here in *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985). The Court declined to adopt a literal interpretation of § 302.505.1, which provides:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

Instead, noting that the law was "designed to prevent the slaughter on our highways which might occur if intoxicated persons are permitted to drive", the Court construed § 302.505.1 in light of the other provisions in § 302.500, et. seq., particularly § 302.510.1, which provides that the arresting officer is to submit a verified report to the Department of Revenue if the offending driver has a blood alcohol concentration of at least .13%. That report is to include a copy of the breathalyzer test results and a statement of the officer's "grounds for belief that the person violated section 577.010 [driving while intoxicated]

or section 577.012 [driving with excessive blood alcohol content]...." The Court said:

We interpret § 302.505.1 as requiring that a suspect first be arrested upon probable cause to believe that he or she is driving in violation of § 577.010 or 577.012. Once arrested, if the suspect submits to a chemical analysis and the results of such test indicate that the arrestee possesses a blood alcohol concentration of at least .13 percent, he or she is subject to suspension of driving privileges. The Department of Revenue is then required to determine, upon a preponderance of the evidence, based on the officer's verified report and the breathalyzer test results, whether the defendant had been driving while his or her blood alcohol concentration was at least .13 percent.

*Id.* at 252. Thus the Supreme Court adopted the two-step analysis urged by the Department. The trial court erred in holding that § 302.505.1 requires the Department to prove that the respondents were arrested upon probable cause to believe they were driving with a blood alcohol concentration of .13% or more. And because the Department must prove that the respondents were actually driving with a blood alcohol concentration of at least .13%, the trial court erred in excluding evidence concerning breathalyzer testing.

■■■ Since the evidence relating to the breathalyzer testing was admissible, we have considered it along with the other evidence in the record, pursuant to Rule 73.01(c). We have concluded that the Department proved, by a preponderance of the evidence, that Politte and Hovis were arrested upon probable cause to believe they had violated § 577.012, and that they were operating a vehicle while their blood alcohol concentration was at least .13%. The judgment is reversed and remanded to the circuit court with instructions to reinstate the decision of the Department of Revenue.

DOWD, P.J., and CRIST, J., concur.