Danny ROBERTS *v.* STATE of Arkansas

CR 85-203                                         701 S.W.2d 112

Supreme Court of Arkansas
Opinion delivered December 16, 1985
[Rehearing denied January 13, 1986.*]

---

* Purtle, J., not participating.

452

*Hale, Ward, Young, Green & Morley*, by: *Stephen E. Morley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This appeal is from conviction of the appellant of DWI and violation of the implied consent law. We affirm the DWI conviction as the evidence below supports the trial court's finding that the appellant was intoxicated while in physical control of a vehicle in violation of Ark. Stat. Ann. § 75-2503(a) (Supp. 1985). We reverse and dismiss the appellant's

conviction of violation of the implied consent law because the evidence does not support a finding the appellant violated Ark. Stat. Ann. § 75-1045 (Supp. 1985).

## 1. DWI

A police officer found the appellant asleep at 1:30 a.m. behind the wheel of a car which was lodged against a building in a parking lot. The car and the building were damaged. The ignition key in the car was turned on, and the gear shift lever was in the "drive" position, but the engine was not running. The appellant was awakened by the officer whose undisputed testimony was that the appellant smelled of intoxicants, was unsteady on his feet, spoke in a slurred manner, and had to be "wrestled" from his position behind the steering wheel.

For the proposition that the evidence did not show the appellant to have been in actual physical control of the car, the appellant cites Dowell v. State, 283 Ark. 161, 671 S.W.2d 740 (1984), in which we held Dowell was not shown to have been in control of the car in which he was found asleep. There, the keys to the vehicle were found in the car seat at the time of the arrest.

We agree with the state's contention that the facts of this case resemble more those in Wiyott v. State, 284 Ark. 399, 683 S.W.2d 220 (1985), in which Wiyott was found asleep in the car with the keys in the ignition switch. The appellant in that case attempted to start the engine when he was awakened by officers. There, we sustained the conviction noting that the appellant could have at any moment awakened and started the car, and he was thus in as much control of a vehicle as an intoxicated person can be. We find the same to be true here.

As to whether the evidence was sufficient to show that the appellant in this case was intoxicated, we need only say we find the trial court was warranted in finding the circumstances mentioned earlier to have been convincing. The appellant's argument is that the arresting officer did not give an opinion that the appellant was intoxicated and that the appellant could have been merely groggy after being aroused from a deep sleep. That does not explain the odor of intoxicants and the officer's testimony that the appellant was unsteady on his feet even when they were at the police station later. When the issue is whether the evidence

was sufficient, we view it most favorably to the appellee and sustain the verdict if there is any substantial evidence to support it. *Azbill* v. *State*, 285 Ark. 98, 685 S.W.2d 162 (1985); *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980).

## 2. Implied Consent

The appellant refused to take a blood alcohol test. He argues that only persons who operate a motor vehicle are deemed to have consented to take the blood alcohol test and that he has not been shown to have operated his vehicle. We need not get to the question whether the evidence was sufficient to show the appellant operated his car, because, even if it were shown that he had, the consent is deemed to have been given only if:

(1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was 0.10% or more of alcohol in the person's blood, or

(2) The driver is involved in a fatal accident; or

(3) The driver is stopped by a law enforcement officer who has reasonable cause to believe that the driver is intoxicated or that the driver has 0.10% or more of alcohol in the person's blood.

None of these subsections of Ark. Stat. Ann. § 75-1045 (Supp. 1985) apply. The appellant was not arrested for any act committed while driving while intoxicated. Nor was he involved in a fatal accident or "stopped" by an officer who had reasonable cause to believe him to have been intoxicated.

While it may have been a mere legislative oversight to have failed to include in the implied consent provisions reference to persons found in physical control of vehicles while intoxicated, we cannot cure that here.

While we need not decide the issue in this case, we make note of the appellant's argument that had he signed the "rights form" presented to him by the police and agreed to the

blood alcohol test he would have effectively been admitting that he had driven the car. That is one of the elements of DWI under § 75-2503(a), and no defendant should be required either to admit an element of an offense or face punishment, as that violates the right not to incriminate oneself. The argument has merit, and we will give it thorough consideration in an appropriate case. Here, however, it is enough to say that this appellant did not come within the literal provisions of § 75-1045(a).

Affirmed in part; reversed in part, and dismissed.

PURTLE, J., not participating.