Christopher GOBER *v.* STATE of Arkansas

CA CR 87-3                                    736 S.W.2d 18

Court of Appeals of Arkansas
Division I
Opinion delivered September 16, 1987

*Gibson & Deen*, by: *Thomas D. Deen*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth* and *J. Brent Standridge*, Asst. Att'ys Gen., for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a conviction of resisting arrest and refusing to submit to a breathalyzer test. For resisting arrest, appellant was fined $500.00, and for refusing to submit to a breathalyzer test, his driver's license was suspended for six months.

The evidence disclosed that on the night of January 18, 1986, appellant was driving on Highway 81 through Monticello, Arkansas, when Officer Sam Norris observed that the orange Volkswagen appellant was driving had no license tags on it. After Norris began to follow the Volkswagen, appellant pulled into a gas station and turned back onto the highway traveling in the opposite direction. Norris thought appellant cut too close in front of an oncoming car so he turned on his blue lights and stopped appellant. According to Norris, appellant got out of his car cursing and asking why he had been stopped. Appellant said he had just purchased the Volkswagen in Little Rock and had not had time to get it licensed. He also claimed he was being harassed by the Monticello police. Because appellant was "very irate and carrying on" and because Norris could detect an odor of alcohol on appellant, Norris asked him about drinking. He testified appellant said he had three or four beers and that there was a six pack in the car. However, appellant refused to let Norris search the car.

Norris then placed appellant under arrest for driving while intoxicated. Appellant continued cursing and refused to cooperate so Norris called for back-up assistance. Sheriff David Taylor Hyatt, Jr., Special Deputy Walter Harris, and Captain Chuck Cater responded. Appellant was handcuffed and taken to the station where he refused to take the breathalyzer test. He was then placed in a cell. Approximately one hour later, his father arrived and encouraged him to take the test; however, because of the length of time which had elapsed, the officers would not allow appellant to be tested. No alcohol or drugs were discovered in a subsequent search of appellant's car.

Appellant was charged with DWI, resisting arrest, and refusing to submit to a breathalyzer test. At the close of all the evidence, the trial court granted a defense motion to dismiss the charge of DWI. The jury found appellant guilty of the other two charges.

Appellant's first contention on appeal is that the trial court erred in denying his motion for a directed verdict on the charge of resisting arrest. He argues that the applicable statute does not encompass passive resistance and this was all the state proved.

Ark. Stat. Ann. § 41-2803 (Repl. 1977) provides:

(1) A person commits the offense of resisting arrest if he knowingly resists a person known by him to be a law enforcement officer effecting an arrest.

(2) "Resists," as used in this section, means using or threatening to use physical force or any other means that creates a substantial risk of physical injury to any person.

The commentary to this section explains that "Resistance must take the form of physical opposition to the arrest. *Completely* passive refusal to submit to an officer attempting to effect an arrest does not constitute resistance." (Emphasis in the original.)

As described by the police officers present at the scene, appellant simply backed up against his car with his fists clenched behind him so handcuffs could not be placed on him. Sheriff Hyatt testified that he and Norris physically laid appellant down on the ground and handcuffed him but appellant did not fight, kick, bite or scratch. The sheriff said he knew appellant and his family and, while appellant was extremely agitated and upset and refused to calm down, he did not physically resist when they laid him down to handcuff him. Sheriff Hyatt said that appellant's conduct was a "passive-type resistance." Officer Norris described appellant's conduct as uncooperative. Thus, appellant argues, his conduct does not constitute resisting arrest as contemplated by the statute.

As further evidence that passive resistance should not be considered "resisting arrest" under section 41-2803, appellant points out that Act 261 of 1987 amended the section by adding the following subsection:

(b) Refusal to submit to arrest.

(1) A person commits the offense of refusal to submit to arrest if he knowingly refuses to submit to arrest by a person known to him to be a law enforcement officer effecting an arrest.

(2) 'Refusal' under this section means active or passive refusal.

We agree that this is persuasive evidence that at the time of appellant's arrest the statute in effect did not prohibit passively resisting arrest.

▌ Penal statutes are to be strictly construed in favor of the accused. *Clayborn* v. *State*, 278 Ark. 533, 647 S.W.2d 433 (1983); *Breakfield* v. *State*, 263 Ark. 398, 566 S.W.2d 729 (1978). Since the state failed to show that appellant did anything more than refuse to cooperate with the arresting officers and to proclaim his innocence of any conduct for which he could be arrested, albeit with offensive language, the conviction for resisting arrest is reversed and dismissed.

Appellant also argues that the trial court erred in not granting his motion for directed verdict on the charge of refusing to submit to a breath test. Appellant admits he refused to take the test but contends that under Ark. Stat. Ann. § 75-1045(a)(1) and (3), he was not deemed to have given consent under the law to the test, so his refusal was not a violation of that statute. Ark. Stat. Ann. § 75-1045(a) (Supp. 1985) provides in pertinent part:

(a) Any person who operates a motor vehicle in this State shall be deemed to have given consent, . . . to a chemical test or tests of his or her blood, breath or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:

(1) the driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was 0.10% or more of alcohol in the person's blood, or

(2) the driver is involved in a fatal accident; or

(3) the driver is stopped by a law enforcement officer who has reasonable cause to believe that the driver is intoxicated or that the driver has 0.10% or more of alcohol in the person's blood.

Since appellant was not involved in an accident involving a fatality, subsection (2) is clearly inapplicable. Subsection (3) involves cases in which a police officer has reason to believe a

driver is intoxicated and stops a vehicle for that reason. However, the record clearly shows that Officer Norris did not have reasonable cause to believe appellant was intoxicated before he was stopped, and the officer admitted that he did not stop appellant for a suspected DWI. This leaves subsection (1)—where a driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated. Even if the appellant had been arrested for failure to have a license plate on his car or because he pulled out too close in front of another vehicle, the trial court held there was not enough evidence to find appellant guilty of driving while intoxicated and there is no appeal from that finding. Therefore, the record shows the appellant was not arrested for any offense arising out of acts committed while driving while intoxicated.

So, under the law and evidence in this case, we must agree with appellant's argument that he could not be convicted for refusing to take the breath test. In *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985), officers found Roberts asleep at 1:30 a.m. behind the wheel of a car which was lodged against a building in a parking lot. The car and the building were damaged, the key was in the "on" position, the shift lever was in drive, but the engine was not running. The appellant was awakened but had to be wrestled from behind the steering wheel. He smelled of intoxicants, was unsteady on his feet, and his speech was slurred. The court held this was sufficient evidence to sustain a conviction of driving while intoxicated but reversed a conviction for violation of the implied consent law because none of the subsections of Ark. Stat. Ann. § 75-1045 applied. The court said:

> The appellant was not arrested for any act committed while driving while intoxicated. Nor was he involved in a fatal accident or "stopped" by an officer who had reasonable cause to believe him to have been intoxicated.

287 Ark. at 454.

We also reverse and dismiss appellant's conviction for refusing to take a breathalyzer test.

Reversed and dismissed as to both charges.

CRACRAFT and JENNINGS, JJ., agree.