Kent G. WESTHOELTER, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 56632.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1990.

William L. Webster, Atty. Gen., Van M. Pounds, Jatha B. Sadowski, Sp. Asst. Attys. Gen., Dept. of Revenue, Jefferson City, for appellant.

Timothy Joseph Melenbrink, Union, for respondent.

GARY M. GAERTNER, Presiding Judge.

The Director of Revenue appeals from a final order of the Circuit Court of Franklin County reinstating driving privileges which had been suspended pursuant to RSMo § 302.535.1 (1986). We reverse.

On May 22, 1988, Officer Oliveras, a patrolman for the City of Washington, Missouri, observed a Chevrolet Monte Carlo parked at an angle to the curb. All of the car's lights were turned on and the engine was running. Officer Oliveras approached the vehicle and observed four people inside who appeared to be sleeping. The windows of the car were rolled up, the gear shift was in the drive position and the respondent, Kent Westhoelter, was in the driver's seat and had his foot on the brake pedal.

Officer Oliveras put the car in the park position and woke up the respondent. The respondent had a partially full twelve ounce can of beer in his lap. Officer Oliveras observed that the respondent's speech was "mush-mouth" and that his eyes were "red and watery." The officer also detected a moderate odor of intoxicants coming from respondent's breath.

The Officer asked respondent to step out of the car. In doing so, the respondent stumbled, fell against the car and caught his balance. He also swayed as he walked to the rear of his vehicle. Officer Oliveras administered several sobriety tests, none of which respondent was able to pass. The respondent was unable to maintain his balance, could not recite the alphabet, and missed his nose several times on the finger-to-nose test.

Officer Oliveras determined that respondent was intoxicated and arrested him for driving while intoxicated in violation of the City Ordinance of Washington. Respon-

dent was taken to the Washington Police Department where he was requested to take a breath analysis test. He consented to the test which indicated a blood alcohol content of .13 percent.

Because his blood alcohol content was equal to or greater than .13 percent by weight, his driving privileges were suspended pursuant to Missouri's Administrative DWI law. RSMo §§ 302.500—302.540 (1986). An administrative hearing was held and the hearing officer sustained the suspension. The respondent petitioned for review in the Circuit Court of Franklin County and, after a trial de novo, the Circuit Court issued an order sustaining respondent's petition and reversing his suspension, stating that the results of the breath analysis test were inadmissible because respondent "was not arrested for any companion charge before the test was administered." This appeal followed.

Section 577.020 of the Revised Statutes of Missouri states in relevant part:

1. Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to, subject to the provisions of sections 577.020 to 577.041, a chemical test or tests of his breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of his blood if arrested for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition. The test shall be administered at the direction of the arresting law enforcement officer whenever the person has been arrested for the offense.

Respondent claims that this language requires that a person be arrested for committing an offense other than driving while intoxicated before the Missouri implied consent law applies. He, therefore, contends that the results of his breathalyzer tests are inadmissible at trial.

The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislature, giving reasonable interpretation in light of legislative objectives. *BCI Corporation v. Charlebois Construction Company*, 673 S.W.2d 774, 780 (Mo. banc 1984). In determining the intention of the legislature, the provisions of the entire act must be considered as a whole, and if reasonably possible, all of the provisions must be harmonized. *Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864, 867 (Mo. banc 1983).

The laws against driving while intoxicated were "designed to prevent the slaughter on our highways which might occur if intoxicated persons are permitted to drive." *King v. Politte*, 700 S.W.2d 135, 136 (Mo. App., E.D.1985) *quoting Collins v. Director of Revenue*, 691 S.W.2d 246, 250 (Mo. banc 1985). To aid the state in enforcing its drunk driving laws, the legislature enacted §§ 577.020 (1986) and 577.041 (1986), the "implied consent" and "refusal" statutes.[1] The privilege of using the public highways depends on the acceptance of the conditions provided by these laws. *State v. Ikerman*, 698 S.W.2d 902, 906 (Mo.App., E.D.1985). The additional offense requirement contained in RSMo § 577.020 merely insures that cars are not stopped at random or without probable cause. This concern of the legislature is further demonstrated by reference to RSMo § 302.510.4 which prohibits the suspension or revocation of a license for an alcohol related offense where the arrest was made "at a check-point or

---

**1.** RSMo § 577.041 (1986) provides in pertinent part:

Refusal to submit to chemical test—revocation of license—hearing. —1. If a person under arrest refuses upon the request of the arresting officer to submit to a chemical test, which request shall include the reasons of the officer for requesting the person to submit to a test and which also shall inform the person that his license may be revoked upon his refusal to take the test, then none shall be given. In this event, the arresting officer, if he so believes, shall make a sworn report to the director of revenue that he has reasonable grounds to believe that the arrested person was driving a motor vehicle while in an intoxicated condition and that, on his request, refused to submit to the test. Upon receipt of the officer's report, the director shall revoke the license of the person refusing to take the test for a period of one year....

road block and there was not probable cause to make the arrest prior to stopping of the vehicle." RSMo § 302.510.4 (1986).

An additional element important in our consideration here is that there was no refusal to submit to the test by the respondent in this case. The court is, thus, not presented with the issue of whether a refusal can result in suspension where no other offense has been charged. See *State v. Copeland*, 680 S.W.2d 327, 330–31 (Mo. App., S.D.1984); *Roberts v. State*, 701 S.W.2d 112 (Ark.1985). Indeed, in the present case, the respondent consented to have a breath analysis done.

Considering all the present facts, this court holds that the State did not need to show a second offense to gain the admissibility of the test results. There was probable cause on the part of the officer to arrest the respondent and request a chemical analysis of his breath in that he observed the car parked at an odd angle with all of its lights on, including the brake lights, the engine running and the transmission in the drive position. The respondent was also "mush-mouthed" and bleary eyed. To hold, as the respondent urges, that Officer Oliveras could not take a breath analysis would go against the purpose of the DWI statutes. We, thus, hold that where an officer has probable cause to believe that a person has been operating a motor vehicle under the influence of intoxicants, and where that person consents to the taking of an analysis of their blood, breath or urine, the State need not charge the party with a second offense in order to gain the admissibility of the test results.

The judgment of the circuit court ordering reinstatement of respondent's license privileges is reversed. The order by the Department of Revenue suspending respondent's driving license is reinstated for a period to be determined by the Department of Revenue in accordance with § 302.525.2.

REINHARD and CRIST, JJ., concur.