STATE of Arkansas *v.* Daniel Chester SCHAUB

CR 92-209                                    832 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered June 29, 1992
[Rehearing denied July 20, 1992.]

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., and by: *J. Brent Standridge*, Asst. Att'y Gen., for appellant.

*Compton, Prewitt, Thomas & Hickey, P.A.*, for appellee.

ROBERT H. DUDLEY, Justice. The defendant, appellee

Daniel Schaub, was charged with driving while under the influence of intoxicants, with refusing to submit to a test to determine the alcohol content of his blood, and with improper display of car license plates. In municipal court he was found guilty of all three charges. He appealed to the circuit court. The charges of DWI and refusal to submit to a blood test were submitted to the jury, and the jury found him guilty of the offense of refusing to submit to a blood test, but not guilty of DWI. After the jury returned its verdict, the defendant's attorney moved to set aside the verdict and argued that under *Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987), the accused must be found guilty of DWI before he can be convicted of refusing to submit to a blood test. The trial court agreed with the argument and granted the motion to set aside the verdict. The State seeks to appeal. We accept the appeal and take appellate jurisdiction under A.R.Cr.P. Rule 36.10(b) and (c) and under Rule 29(1)(c) of the Rules of the Supreme Court and Court of Appeals, as the case involves the interpretation of the implied consent statute and a constitutional issue involving former jeopardy. We reverse the trial court and reinstate the jury's verdict.

The defendant admitted that he was intoxicated, admitted that he was arrested for driving while under the influence, and admitted that he refused to take the breathalyzer test after he had been arrested for driving while under the influence. The proof showed that the defendant was in actual physical control of the motor vehicle and that the officer had reasonable cause to believe the defendant was intoxicated. The arresting police officer testified that the dispatcher for the El Dorado police department broadcast a report that a 1987 Chevrolet Blazer was being driven on North West Avenue by a possibly drunk driver. The officer spotted a vehicle fitting that description parked in a shopping center on North West Avenue and turned his patrol car into the shopping center. The officer testified that, as he did so, the Blazer started moving. He turned on his blue lights, the Blazer stopped, and the defendant, who appeared intoxicated, got out of the driver's seat. He arrested the defendant for driving while intoxicated, and the defendant later refused to take the blood test.

On the other hand, the defendant admitted that he and the other two passengers in the Blazer had been drinking heavily, but that it was the defendant's brother, and not the defendant,

who had been driving the vehicle. Several witnesses testified and supported the defendant's testimony. They testified that the brother drove the Blazer into the parking lot, parked it, and it was only when the defendant saw the police car turning into the parking lot that he got into the driver's seat to turn the radio and lights off and to turn the key in the ignition switch to "off." They testified that the vehicle did not move while the defendant was in the driver's seat. In sum, there was substantial evidence to show that, in the officer's presence, the defendant was in the driver's seat of his operable vehicle, turned the radio and lights off, and turned the key in the ignition switch to "off." He could have started the car and driven it at any moment. Thus, the proof showed that the defendant was in actual physical control of the car. *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 452 (1985).

After deliberating a short while, the jury sent a note to the trial judge asking, "Can we find Schaub not guilty on DWI and guilty on refusal to submit to blood or chemical test or in other words can we separate the two charges?" With the approval of the defense attorney and the deputy prosecuting attorney the judge responded, "Yes." The jury then returned its verdict, and the trial court subsequently set it aside.

The trial judge read the case of *Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987), to stand for the broad-based proposition that in all circumstances a defendant must be convicted of DWI before he can be convicted of refusing to submit to a blood test. We do not read the case so broadly. In that case the court of appeals held, under an earlier version of subsection (a)(1) of Ark. Code Ann. § 5-65-202, that a defendant had to be convicted of DWI before he could be convicted of refusing to submit to a blood test. The case at bar comes under a different subsection, (a)(3), set out below, because the officer had reasonable cause to believe that the defendant was intoxicated and in actual physical control of the motor vehicle.

The applicable statutes, all of which are part of Title 5, Chapter 65, Subchapter 2, titled "Chemical Analysis of Body Substances," are as follows:

> (a) Any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this state shall be deemed to have given consent, subject to the provisions of

§ 5-65-203, to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:

(1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood; or

(2) The person is involved in an accident while operating or in actual physical control of a motor vehicle; or

(3) The person is stopped by a law enforcement officer who has *reasonable cause* to believe that the person, while operating or in actual physical control of a motor vehicle, is intoxicated or has one-tenth of one percent (0.10%) or more of alcohol in his or her blood.

Ark. Code Ann. § 5-65-202 (Supp. 1991) (emphasis added).

The chemical test or tests shall be administered at the direction of a law enforcement officer having *reasonable cause* to believe the person to have been operating or in actual physical control of a motor vehicle while intoxicated or while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood.

Ark. Code Ann. § 5-65-203(a) (Supp. 1991) (emphasis added).

If the judge determines that the law enforcement officer had *reasonable cause* to believe the arrested person had been driving while intoxicated or while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood, and the person refused to submit to the test upon the request of the law enforcement officer, the judge shall order the Office of Driver Services to . . . [suspend or revoke the operator's license].

Ark. Code Ann. § 5-65-205(c) (Supp. 1991) (emphasis added).

The quoted language in the implied consent law does not provide that a defendant must be proven guilty of DWI *beyond a reasonable doubt* before he can be convicted of refusal

to submit to a chemical test. Rather, Ark. Code Ann. § 5-65-202(a)(3) provides that anyone who operates, or is in actual physical control of, a motor vehicle has consented to submit to a blood test if he is stopped by a police officer who has *reasonable cause* to believe the operator is intoxicated. Ark. Code Ann. § 5-65-203(a) provides that the test shall be administered at the direction of the police officer who had *reasonable cause* to believe the driver was intoxicated, and Ark. Code Ann. § 5-65-205 provides that, if a driver refuses to submit to the request for a test, the trial judge may order the driver's license suspended or revoked if he finds that the officer had *reasonable cause* to believe that the driver was intoxicated. The language of the statutes is clear. A violation occurs when the police officer has reasonable cause to believe the operator or person in actual physical control is intoxicated, the police officer directs the operator to submit to a blood test, and the operator refuses to do so. Thus, it was error to set aside the verdict of refusal to submit to the test.

The State asks that we go further and overrule the complete holding of the court of appeals in *Gober*. We see no need to reach out and do so in light of our holding in the case now before us and also because subsection (a) has been amended since the court of appeals decided that case.

As set out, we hold that it was error to set aside the jury's verdict. Usually, an appeal by the State results only in a holding by the appellate court that will serve as a guide to future trials. *See State* v. *Harvest*, 26 Ark. App. 241, 762 S.W.2d 806 (1989). The reason is that the Double Jeopardy Clause prohibits any other disposition of the case. However, in this case, unlike the usual case, the jury's verdict was one of guilt, which the trial court set aside. On appeal, the State argues that the trial court erred as a matter of law in setting the verdict aside and asks that the jury's verdict be reinstated. Under these circumstances the reinstatement of a verdict does not run afoul of the Double Jeopardy Clause.

> [W]here there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended. In various situations where appellate review would not subject the defendant to a second trial, this court has held that an order favoring the

defendant could constitutionally be appealed by the Government. Since the 1907 Criminal Appeals Act, for example, the Government has been permitted without serious constitutional challenge to appeal from orders arresting judgment after a verdict has been entered against the defendant. Since reversal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution.

*United States* v. *Wilson*, 420 U.S. 332, 344-45 (1975) (citations omitted). Likewise, reinstatement of the jury's verdict does not run afoul of Art. 2, Section 8 of the Constitution of Arkansas. *See State* v. *Robinson*, 55 Ark. 439, 18 S.W. 531 (1892).

Reversed and remanded with instructions to reinstate the jury's verdict.