John M. HUITT *v.* STATE of Arkansas

CA CR 91-185 837 S.W.2d 482

Court of Appeals of Arkansas
En Banc
Opinion delivered September 30, 1992
[Rehearing denied November 4, 1992.*]

*Mayfield, J., would grant rehearing.

*Wells Law Offices*, by: *Bill G. Wells*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was tried in the Bradley County Municipal Court on October 3, 1990, on charges of driving while under the influence of alcohol, running a stop sign, driving left of center, failure to signal a turn, and refusing to submit to a breathalyzer test. By a municipal court judgment entered on October 24, 1990, the appellant was found not guilty of driving while under the influence of alcohol, running a stop sign, and driving left of center. The record is silent regarding the charge of failing to signal a turn. The judgment reflects that the appellant was found guilty only of refusing to submit to a breathalyzer test. The appellant appealed the municipal court judgment to the Bradley County Circuit Court, and after a non-jury trial on November 19, 1990, he was found guilty only of refusal to submit to a breathalyzer test and his driver's license was suspended for a period of six months. From

that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in denying his pretrial motion to dismiss because of the acquittals in municipal court, and that the trial court erred in finding that he refused to take a requested breathalyzer test. We affirm.

The record shows that Officer Gary Hibbard of the Warren Police Department issued the citations to the appellant on September 9, 1990. At trial, Officer Hibbard testified that he observed the appellant fail to stop at a stop sign; that he followed the appellant's vehicle in his patrol car; observed the appellant turn left without a signal; and observed the appellant turn right and stop the vehicle in front of a house. Officer Hibbard did not turn on his blue lights or otherwise signal the appellant to stop. After the appellant had stopped his vehicle, Officer Hibbard approached him, questioned him, and administered field sobriety tests. When he was asked if he would walk a straight line, the appellant refused, stating that he would submit to no more tests. The appellant was then taken into custody, charged with the offenses enumerated above, and acquitted of all charges except refusing the breathalyzer test.

The appellant argues that his motion to dismiss should have been granted because the state failed to show that circumstances existed under which the appellant was deemed to have given his consent to the breathalyzer test under Ark. Code Ann. § 5-65-202 (Supp. 1991). We do not agree.

Arkansas Code Annotated, § 5-65-202(a) (Supp. 1991) provides, in pertinent part, that:

> Any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this state shall be deemed to have given consent, subject to the provisions of 5-65-203, to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:
>
> (1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was one-tenth of one percent (0.10%) or more of alcohol in the person's blood; or

(2) The person is involved in an accident while operating or in actual physical control of a motor vehicle; or

(3) The person is stopped by a law enforcement officer who has reasonable cause to believe that the person, while operating or in actual physical control of a motor vehicle, is intoxicated or has one-tenth of one percent (0.10%) or more of alcohol in his or her blood.

■■ We agree with the appellant's argument that subsection (3) does not apply; the evidence does not show that the appellant was stopped by a law enforcement officer who had reasonable cause to believe that the appellant was intoxicated. Instead, as Officer Hibbard testified, he approached the appellant's auto only to warn him about speeding and running a stop sign. Likewise, as the State concedes, subsection (2) does not apply because the appellant was not involved in an accident. However, we find that subsection (1) is applicable under the circumstances presented by the case at bar. Here, the appellant was arrested for running a stop sign, driving left of center, and failure to signal a turn, in addition to driving while intoxicated and refusing to submit to a breathalyzer test. Subsection (1) provides that a driver who is arrested for "any offense arising out of acts alleged to have been committed" while driving while intoxicated shall be deemed to have given consent to a blood alcohol test; this subsection does not, however, provide that a defendant must be found guilty of driving while intoxicated as a prerequisite to being found guilty of violating the implied consent law. We agree with the State's argument that *Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987), was wrongly decided in this particular, and we overrule *Gober* to the extent that it holds a DWI conviction is a prerequisite to a conviction for refusing a blood alcohol test pursuant to Ark. Code Ann § 5-65-202(a)(1) (Supp. 1989). Given our view of this issue, we hold that the trial court did not err in denying the appellant's motion to dismiss. *Accord, State* v. *Schaub*, 310 Ark. 76, 832 S.W.2d 843 (1992).

■■ We next address the appellant's contention that the evidence is insufficient to support his conviction for refusal to take a blood alcohol test. In a criminal case, whether tried by judge or jury, we review the evidence in the light most favorable to the

State, and affirm if the finding of guilt is supported by substantial evidence. *Turner* v. *State*, 24 Ark. App. 102, 749 S.W.2d 339 (1988). Substantial evidence is evidence which induces the mind to go beyond mere suspicion or conjecture, and is of sufficient force or character to compel a conclusion one way or the other with reasonable certainty. *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990).

██ Viewed in the light most favorable to the State, the evidence shows that the appellant appeared intoxicated when approached by the police officer. The officer asked the appellant to perform a field sobriety test by holding one leg out while standing on the other foot; the appellant attempted to perform this test but lost his balance. When the officer asked the appellant to perform other field sobriety tests, the appellant refused, stating that he would not take any more tests. When asked by the police officer if he would take the gaze nystagmus test, the appellant refused and stated that "he wasn't going to take any more tests or going to blow in any tube or anything." Officer Hibbard testified that the appellant was asked more than once if he would like to take the breathalyzer test, and that Officer Ferrell read the appellant his rights concerning the taking of a breathalyzer test; nevertheless, the appellant refused, stating that he was not going to take any test at all. Although, as the appellant asserts, the testimony of Officer Hibbard is self-contradictory at times, the officer's credibility is a matter which is left to the trier of fact. *Mann* v. *State*, 291 Ark. 4, 722 S.W.2d 266 (1986). We hold that the appellant's conviction is supported by substantial evidence.

Finally, we note that the appellant asserts that the trial court employed an improper standard of proof in determining that the appellant refused to take a breath test. After the close of the evidence, the appellant's attorney asserted that the "standard is a reasonable doubt," and argued that "there was not probable case to ask him to take a breathalyzer test." In response, the trial judge stated as follows:

THE COURT: Well, reasonable doubt, I don't know. The code says that the law enforcement officer had reasonable cause to believe the arrested person had been driving while intoxicated or while there was one-tenth of one percent or more alcohol in the person's blood. So reasonable doubt,

this is not a reasonable doubt situation.

 Our reading of the record leads us to the conclusion that, although the trial judge's remarks are somewhat confusing, especially when taken out of context, his statement was addressed to the standard for determining whether the request for a chemical test was lawful. Arkansas Code Annotated § 5-65-205(c) (Supp. 1991) provides that a judge shall order a person's driver's license revoked or suspended if the judge determines, among other things, "that the law enforcement officer had reasonable cause to believe the arrested person had been driving while intoxicated. . . ." We conclude that the trial judge correctly paraphrased the law, and we find no error.

Affirmed.

CRACRAFT, C.J., concurs.

MAYFIELD, J., dissents

MELVIN MAYFIELD, Judge, dissenting. Before a person who drives a motor vehicle in this state is deemed to have given consent to a chemical test to determine the alcoholic content of his or her blood, one of the conditions set out in Ark. Code Ann. § 5-65-202(a) (Supp. 1991) must exist. The majority opinion concedes that the only condition that could exist in this case is the one set out in condition (1) of § 5-65-202(a). In order to reach its result, the majority has decided to overrule our prior decision in *Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987). That decision was based on our understanding of *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985), and was handed down on September 16, 1987. The Arkansas General Assembly has met two times since that decision and has not changed condition (1) of subsection (a). It still reads today exactly like it did when *Gober* was decided. It has long been held that "a court's construction of a statute becomes a part of that law." *Thompson* v. *Sanford*, 281 Ark. 365, 370, 663 S.W.2d 932, 935 (1984). It has also been said that "it is necessary as a matter of public policy to uphold prior decisions unless great injury or injustice would result." *Independence Federal Bank* v. *Paine Weber*, 302 Ark. 324, 331-32, 789 S.W.2d 725 (1990) (citing *Thompson* v. *Sanford*).

Therefore, I would not overrule *Gober*. I think that decision was correct, and I see no great injury or injustice resulting from it.

Moreover, the General Assembly apparently sees no great injury or injustice resulting from that decision. At least we know that by Act 75 of 1987, the General Assembly amended what is now Ark. Code Ann. § 5-65-202; however, it did not change condition (1) of subsection (a) of that statute. In my opinion, the failure to amend condition (1) in either of the two sessions of the legislature that have occurred since our decision in *Gober* strongly indicates that the *Gober* decision was in keeping with the intent of the legislature.

Furthermore, I think there is good reason for such a view. Under condition (2) of Ark. Code Ann. § 5-65-202(a), a person who is involved in an accident while operating or in actual physical possession of a motor vehicle in this state shall be deemed to have given consent to a blood alcohol test. The same consent is deemed to have been given under condition (3) of the statute when a law enforcement officer stops a person (who is operating or in actual physical control of a vehicle) with reasonable cause to believe that the person is intoxicated. But under condition (1) the consent to a blood alcohol test is deemed to have been given only when a "driver" is arrested for an offense arising out of acts alleged to have been committed by the driver while intoxicated.

As I understand the law as enacted by the legislature, if an officer stops a driver for a traffic violation (but not because he has reason to believe the driver is intoxicated) and discovers, after the stop, probable cause to arrest the driver for driving while intoxicated, or if an officer discovers such cause to arrest a driver after the officer has approached a motor vehicle that has been stopped at the driver's own volition (but not because of an accident) the officer, in either situation, may arrest the driver for driving while intoxicated and may request the driver to submit to a blood alcohol test. It is obvious that if the driver is not found guilty of driving while intoxicated, he cannot be punished for driving while intoxicated, and I do not believe he can be punished for refusing to submit to a blood alcohol test. The latter proposition results from the fact that the driver of a vehicle is not, under the legislative acts of the State, deemed to have given consent to a blood alcohol test simply because he is arrested by a law · enforcement officer who *alleges* the driver was arrested for an act committed while driving while intoxicated. The law requires, in my opinion, that the driver must have been, *in fact*, driving while

intoxicated, or he will not be deemed to have given consent to the blood alcohol test under condition (1) of subsection (a) of the statute. To hold otherwise requires us to legislate.

This does not mean that the driver *must be convicted* of driving while intoxicated in order to be convicted, under subsection (a)(1) of the statute, for refusing to submit to a blood alcohol test. It does mean, however, that it must be *established* that the driver was, in fact, driving while intoxicated. But in the present case, the appellant has been found *not guilty* of driving while intoxicated. Thus, the *question* of whether he was, in fact, driving while intoxicated has been decided in his favor. Therefore, based upon the circumstances discussed above, I dissent from the majority opinion and would reverse appellant's conviction.

After the above was written, but before it was handed down, the Arkansas Supreme Court decided the case of *State* v. *Schaub*, 310 Ark. 76, 832 S.W.2d 843 (1992). We then requested letter briefs from the parties for their views on *Schaub's* application to the present case, and after these briefs were received this case was reconferenced. The reliance of the majority opinion upon the *Schaub* decision makes it necessary that I add my view of that opinion's relation to the present case.

First, I think the majority's reliance on *Schaub* is misplaced. That opinion states that the trial judge in that case read our case of *Gober* v. *State* "to stand for the broad-based proposition that in all circumstances a defendant must be convicted of DWI before he can be convicted of refusing to submit to a blood test." The opinion in *Schaub* then states: "We do not read the case so broadly." 310 Ark. at 78, 832 S.W.2d at 845. I agree that our holding in *Gober* should not be read so broadly, and in my view *Schaub* is not in conflict with this dissenting opinion.

To understand the law as it exists today, it is necessary to take a close look at *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985). There, the Arkansas Supreme Court affirmed the DWI conviction of a man the police officer found asleep "behind the wheel of a car which was lodged against a building in a parking lot." The court affirmed the DWI conviction under Ark. Stat. Ann. § 75-2503(a) (Supp. 1985). That statute is now codified as Ark. Code Ann. § 5-65-103 (1987). It reads now just like it did when *Roberts* v. *State* was decided and clearly states

that it is unlawful and punishable as provided in the act for any person to operate or be in actual physical control of a motor vehicle who (a) is intoxicated, or (b) has one-tenth of one percent (0.10%) or more by weight of alcohol in his blood. Applying that statute, the court in *Roberts* affirmed the DWI conviction of that appellant who "smelled of intoxicants, was unsteady on his feet, spoke in a slurred manner, and had to be 'wrestled' from his position behind the steering wheel." 287 Ark. at 453. However, the court in *Roberts* reversed the appellant's conviction for refusing to take a blood test because neither of the three conditions of subsection (a) of Ark. Stat. Ann. § 75-1045 (Supp. 1985) applied. *Id.* at 454. Those conditions are now (after the amendment by Act 75 of 1987) codified in Ark. Code Ann. § 5-65-202 (Supp. 1991).

The obvious purpose of Act 75 of 1987, and so stated in its emergency clause, was to remedy what the opinion in *Roberts* said "may have been a mere legislative oversight to have failed to include in the implied consent provisions reference to persons found in physical control of vehicles while intoxicated." 287 Ark. at 454. Thus Act 75 of 1987 states that it amends subsection (a) of Ark. Stat. Ann § 75-1045 (now Ark. Code Ann. § 5-65-202(a) (Supp. 1991)). The amendment added the words "or in actual physical control of a motor vehicle" to subsection (a) and to conditions (2) and (3) but did not add those words or make any change at all to the language of condition (1) of subsection (a). That is the condition involved in this case, and the failure of the legislature to change that condition in the two sessions since 1987 strongly indicates that our *Gober* decision is in keeping with legislative intent. Just as the Arkansas Supreme Court refused to legislate in *Roberts*, I think the Court of Appeals should refuse to legislate in the present case.

I also want to comment upon the last two paragraphs of the majority opinion. The appellant's second point argued that the State did not prove beyond a reasonable doubt that the appellant refused to take the breathalyzer test and that the trial court did not apply that standard to the determination of that issue. While I would not reverse on appellant's second point, I do want to point out that the first point (upon which I would reverse) is not concerned with whether "the law enforcement officer had reasonable cause to believe" the appellant was driving while intoxicated

or with one-tenth of one percent (0.10%) or more of alcohol in his blood. This provision in Ark. Code Ann. § 5-65-205(c) (Supp. 1991) is referred to in the majority opinion. That, however, is not the issue in the appellant's first point. Subsection (a) of Ark. Code Ann. § 5-65-205 provides that "if a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency, *as provided in § 5-65-202*, none shall be given." The section goes on to add that under these circumstances the person's driver's license shall be seized by the officer who shall give the person a temporary driving permit, and section (c) provides that if the judge determines the officer had "reasonable cause to believe" the person was driving while intoxicated or with 0.10% or more alcohol in the blood then the penalties for refusing to take the test would apply.

It is clear, however, that Ark. Code Ann. § 5-65-202 provides three conditions only upon which consent for a chemical test for blood alcohol shall be implied. This case is concerned with condition (1) only. The reasonable belief of the officer referred to in Ark. Code Ann. § 5-65-205(c) is a requirement that is *in addition* to the three conditions for implied consent set out in § 5-65-202.

Finally, I note that Ark. Code Ann. § 5-65-203 (Supp. 1991) also provides that the chemical tests shall be administered at the direction of an officer "having reasonable cause" to believe that the person to be tested was driving or in actual physical control of a motor vehicle while intoxicated or while having 0.10% or more of alcohol in the person's blood. This section simply codifies the last paragraph of the first section of Act 75 of 1987. That paragraph begins with the words "Such chemical test or tests" and clearly applies to the tests which a person consents to when he drives or is in actual physical control of a motor vehicle in this State. Thus it is obvious that these are the same tests referred to in Ark. Code Ann. § 5-65-203(a) (Supp. 1991). The "having reasonable cause to believe" clause which follows the reference to "chemical test or tests" only adds an additional requirement to conditions (1) (2) and (3) set out in the three implied consent conditions of Act 75 of 1987 (now codified as Ark. Code Ann. § 5-65-202 (Supp. 1991)).

In summary, I believe that condition (1) of § 5-65-202(a)

(which is the only condition relied upon by the majority opinion in this case) does not apply to impose upon the appellant in this case implied consent for a blood alcohol test. Thus, the refusal to take such a test was not a violation of Ark. Code Ann. § 5-65-205 (Supp. 1991).