Jeffrey O. PARSONS *v.* STATE of Arkansas

CR 93-35

853 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered May 17, 1993

*John Lloyd Johnson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal concerns an interpretation and application of the implied consent statute of the Omnibus DWI Act. The appellant, Jeffrey O. Parsons, was charged with driving while intoxicated, running a red light, and violation of implied consent. The first two charges were dismissed. He appealed his conviction for violating the implied consent statute, and the circuit court affirmed that conviction in a bench trial. We affirm the result reached by the circuit court, but for different reasons.

On January 25, 1992, at about 4:30 a.m., appellant Parsons was stopped by Russellville Police Officer Ben Cross after running a red light and making a sudden turn. Officer Cross had him perform field sobriety tests which he was unable to complete. The police officer determined that Parsons was intoxicated, and he then directed him to submit to a test to determine his alcohol level. Parsons refused. As a result, the police officer ticketed Parsons for running a red light, DWI, and violating the implied consent statute.

On April 29, 1992, a guilty verdict was entered in Russellville Municipal Court on the charges of DWI first offense, the red-light violation, and implied consent. Parsons was fined, his driver's license was suspended for nine months, and he was sentenced to one day in jail which was suspended. The DWI and red-light matters were subsequently dismissed, and Parsons appealed his conviction for violating the implied consent statute to circuit court.

At the subsequent bench trial in circuit court, Officer Cross testified that when Parsons ran the red light and turned sharply, Cross had to take evasive action to avoid a collision with Parsons's pickup truck. Cross further testified that he assumed the appellant was drunk before he pulled him over. After the stop, he

testified that he smelled alcohol when Parsons rolled down his window. He also noticed almost a case of beer in the bed of the truck. He noted that the appellant's eyes were extremely blood-shot and his speech was slurred. He ordered Parsons to get out of the cab and perform field sobriety tests, which he could not finish. Parsons exhibited all the signs of intoxication, according to Officer Cross. He concluded that Parsons was "extremely intoxicated."

On cross-examination, Cross testified that he did not have reason to believe that Parsons was drunk until the appellant rolled down the window, and he detected a strong odor of alcohol. He then added that he suspected Parsons of DWI when he was almost hit head-on early in the morning. He reiterated on re-direct that he suspected the appellant was intoxicated when the appellant ran the red light and turned in front of him. Parsons, in his testimony, denied that he ran the red light or that he was intoxicated.

Parsons moved to have the implied consent charge dismissed because the state failed to show that Officer Cross had reason to believe that Parsons was intoxicated before he pulled him over, as required by statute. The circuit court found that although it believed the statute did require the police officer to form a reasonable belief that the driver was intoxicated before he pulled the driver over, reasonable cause existed in this case due to Parsons's running a stop light at 4:30 in the morning. The court added that the case was "thin." The court concluded the Parsons was guilty of violating the implied consent statute, and it suspended his license for six months.

The relevant portion of the implied consent statute reads as follows:

> (a) Any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this state shall be deemed to have given consent, subject to the provision of § 5-65-203, to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the alcohol or controlled substance content of his or her blood if:
>
> . . . .
>
> (3) The person is stopped by a law enforcement officer

who has reasonable cause to believe that the person, while operating or in actual physical control of a motor vehicle, is intoxicated or has one-tenth of one percent (0.10%) or more of alcohol is his or her blood.

Ark. Code Ann. § 5-65-202(a)(3) (Supp. 1991).

In support of his argument, Parsons adduces two decisions which he contends hold that a police officer must have reasonable cause to believe that a motorist is intoxicated before he stops that motorist. *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985); *Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987). He further argues that the circuit court was in error in finding that the requisite reasonable-cause belief was formed by Officer Cross before he stopped Parsons.

■ A finding of the trial court cannot be set aside unless clearly erroneous. Ark. R. Civ. P. 52(a). Here, we cannot say the circuit court clearly erred in its finding. We disagree, however, with the circuit court's interpretation of § 5-65-202(a)(3), and specifically with the court's conclusion that the formulation of a police officer's reasonable-cause belief must occur *before* the stop is made. The intent of the Arkansas General Assembly in passing the implied consent law was to mandate alcohol testing for a person stopped by a law enforcement officer when that officer has reasonable cause to believe the driver is drunk. The statute does not expressly require that the officer develop a reasonable belief of intoxication before the stop is made, which is perfectly understandable. Nor do we construe it in that manner. Such an interpretation would exclude prosecutions for drivers who are stopped for traffic violations such as speeding when the police officer does not suspect intoxication but then discovers that the driver is totally inebriated. It is readily apparent to us that the General Assembly did not intend this result, and we decline to hold that this class of offenders is exempt from the statute.

■■ Indeed, the Arkansas General Assembly in the 1993 session amended § 5-65-202(a)(3) to establish that the time a police officer must develop a reasonable belief of intoxication is at the time of arrest. Act 132 of 1993. An Emergency Clause was included in Act 132 which emphasized the General Assembly's "intent to have the implied consent law encompass conduct of persons whom police officers have reasonable cause to believe

have committed the offense of DWI, at the time such persons are arrested for DWI." We have held that changes to a statute made by subsequent amendment are helpful in determining legislative intent. *American Casualty Co.* v. *Mason*, 312 Ark. 166, 847 S.W.2d 392 (1993); *Nixon* v. *H & C Elec. Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). In this instance, the expression of intent in the Emergency Clause of Act 132 accords with our reading of § 5-65-202(a)(3) prior to the Act 132 amendment.

In *Gober* v. *State, supra*, cited by Parsons in support of his argument, the Court of Appeals did interpret § 5-65-202(a)(3) to mean that an officer must believe a driver is intoxicated before the stop is made. That interpretation, however, is at odds with this opinion today, and we overrule *Gober* v. *State, supra*, to the extent it is inconsistent with this holding.

Parsons also draws our attention to *Roberts* v. *State, supra*, as precedent for his position. *Roberts*, though, involved different facts. There, the defendant was found asleep behind the wheel of a car; when awakened, he refused to submit to an alcohol test. He had not been "stopped" under § 5-65-202(a)(3), and we held the subsection was not apposite for that reason.

In sum, in the case at bar the circuit court did not err in its finding that the police officer had reasonable cause to believe Parsons was intoxicated before he stopped Parson's vehicle. Nonetheless, we hold that it was unnecessary for the court to examine whatever beliefs the police officer formed regarding intoxication before he stopped Parsons for an implied consent charge to ensue. The critical time for such a belief to be formed is at time of arrest. Again, we are mindful that Act 132 amends § 5-65-202(a)(3) to require belief of intoxication only at time of arrest which should resolve any confusion on this point in the future, except for cases that may be currently pending.

Affirmed.