## Charles ROBIN *v.* STATE of Arkansas

CA CR 92-733                                        870 S.W.2d 395

Court of Appeals of Arkansas
En Banc
Opinion delivered January 26, 1994

■

*James B. Bennett,* for appellant.

No response.

PER CURIAM. Rehearing is denied.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. The majority of this court has today denied the appellant's petition for rehearing in the above case. I concur for reasons which will be discussed.

In an unpublished opinion handed down on September 29, 1993, a three-judge division of this court affirmed the appellant's convictions for driving while intoxicated, second offense, and driving on a suspended driver's license. The opinion states:

> Appellant argues that the trial court erred in finding Ark. Code Ann. § 5-65-202(a)(1) (Supp. 1991) applicable, and further, he contends that the results of the breathalyzer should have been suppressed because officer James Howell had no reasonable cause to administer a breathalyzer test.

This court's opinion then stated that it was not necessary to decide the first argument of the appellant because:

> The evidence here demonstrates reasonable cause for the officer to have administered a breathalyzer test under Ark. Code Ann. § 5-65-203; therefore, we hold the trial court did not err in allowing the introduction of the test results.

I think the opinion of this court reached the right result, but its reasoning was wrong. I first note that the incident giving rise

to this case occurred in 1992. Ark. Code Ann. § 5-65-203 (Supp. 1991), in effect at that time, authorized a police officer to direct that tests be made to determine the alcoholic content of a person's blood. The book containing the official Acts of the 1987 General Assembly shows that Act 75 of 1987 contained provisions that the 1987 Arkansas Code Annotated divided into two different sections. One section is Ark. Code Ann. § 5-65-202 and deals with "Implied Consent." The other section is Ark. Code Ann. § 5-65-203 and deals with "Administration." This background makes it clear that the provision in Ark. Code Ann. § 5-65-203 that authorizes a police officer to administer blood alcohol tests if the officer has "reasonable cause to believe the person to have been operating or in actual physical control of a motor vehicle while intoxicated" came from Act 75 of 1987 which also included the Ark. Code Ann. § 5-65-202 language which provides that "any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this state shall be deemed to have given consent, *subject to the provisions of § 5-65-203*, to a chemical test, or tests of his or her blood, breath, or urine. . . ." (Emphasis in the original). Thus, the officer who is authorized to direct that tests be administered must have the "reasonable cause" referred to in § 5-65-203, but the person to be tested must have given consent to that testing, either by actual consent or by implied consent as set out in § 5-65-202.

There are three conditions set out in Ark. Code Ann. § 5-65-202(a) (Supp. 1991). Under the evidence in the case under consideration the only condition that the trial court found applicable was the first one. It will give implied consent if —

> (1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated[.]

In this case a police officer testified that he stopped the appellant because he had no tail lights and, when the officer approached the appellant's car, the officer "smelled alcohol" on appellant's breath; therefore, the officer gave appellant a field breathalyzer test, which appellant failed. The officer said he took appellant to the police department; told appellant he was under arrest for DWI; and then caused appellant to submit to a breathalyzer test, which registered 0.11%.

The appellant filed a motion to suppress the result of the test alleging that under Ark. Code Ann. §§ 5-65-202 and -203 (Supp. 1991) there was no reasonable cause to administer the test. The court decided against appellant on the finding that the appellant had given implied consent for the test under the provisions of Ark. Code Ann. § 5-65-202(a)(1) (Supp. 1991).

As I have stated, I think the opinion of the court of appeals which affirmed the trial court reached the right result, but it should not have been based upon the finding that the officer had reasonable cause to require the appellant to take the breathalyzer test. That is because the officer's reasonable belief did not come into play unless the appellant gave implied consent (there is no contention that he gave actual consent) for the test under § 5-65-202 (Supp. 1991). It is true that the United States Supreme Court held in *Schmerber* v. *California*, 384 U.S. 757 (1966), that a state could force a defendant to submit to a blood alcohol test without violating the defendant's Fifth Amendment right against self-incrimination. That, however, does not solve the question here because it is also true that a state may suppress evidence obtained without compliance with its law even though it was obtained without violating the United States Constitution. In *Cooper* v. *California*, 386 U.S. 58, 62 (1967), the Court said: "Our holding, of course, does not affect the State's power to impose higher standards on searches and seizures than required by the Federal Constitution if it chooses to do so." In Whitebread and Slobogin, *Criminal Procedure* § 34.05 at 962 (3d ed. 1993), it is noted that "as the U.S. Supreme Court has retrenched on Warren Court precedent, many state courts have repudiated federal law in favor of more protective rules based on state constitutions." And in 1 LaFave, *Search and Seizures* § 1.5(a) at 100 (2d ed. 1987), it is observed that "Just as federal courts may suppress improperly obtained evidence upon other than constitutional grounds in federal prosecutions, state courts may likewise require suppression merely because the search or seizure failed to comply with state law."

That Arkansas is willing to impose higher standards than required by the federal constitution or courts is demonstrated by *State* v. *Anderson*, 286 Ark. 58, 688 S.W.2d 947 (1985), where the court did not apply the good faith exception to the exclusionary rule enunciated by the United States Supreme Court in *Massachusetts* v. *Sheppard*, 468 U.S. 981 (1984), and *United*

*States* v. *Leon*, 468 U.S. 897 (1984), but applied the Arkansas Rules of Criminal Procedure and held that the evidence should be suppressed. *See also Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985), where the court affirmed a DWI conviction because the appellant was found in actual physical control of a car while he was intoxicated, but his conviction for refusing to take a blood alcohol test was reversed because there was no implied consent, under the statutory law of this state, to take the test.

Thus, I think the opinion of the court of appeals, which affirmed the trial court in the instant case, was based upon the wrong reason. We should have affirmed for the reason that appellant gave implied consent for the breathalyzer test under Ark. Code Ann. § 5-65-202 (1987).

In my dissent in *Huitt* v. *State*, 39 Ark. App. 69, 837 S.W.2d 482 (1992), I discussed my view of the law on this point. Without repeating that discussion in full, I would simply point out that my view was that the Arkansas General Assembly by not amending what became Ark. Code Ann. § 5-65-202 (1987) in either of the two sessions that occurred after the court of appeal's decision in *Gober* v. *State*, 22 Ark. App. 121, 736 S.W.2d 18 (1987), strongly indicated that the *Gober* decision was in accord with the intent of the legislature.

*Gober* held that the only condition in § 5-65-202 that could have worked to grant implied consent in that case was the first condition which granted consent if a driver was arrested for any offense arising out of acts alleged to have been committed while driving while intoxicated or while having a blood alcohol content of 0.10% or more. It is my view, as explained in my dissent in *Huitt*, that unless the driver is "arrested" for acts committed while he or she is, in fact, so intoxicated, the condition is not met. In other words, under this condition, a driver does not give implied consent for a blood alcohol test simply because he or she is arrested by a law enforcement officer who *alleges* that the driver was arrested for an act committed while intoxicated. I also said in *Huitt* that I did not think that the driver had to be *convicted* of DWI for the first condition to be met, but I thought it must be established that the driver was, in fact, driving while intoxicated.

In the present case, the appellant moved before trial to sup-

press the results of the breathalyzer test, and the trial court denied that motion. Although the trial court said its finding was based upon implied consent as provided under the first condition of Ark. Code Ann. § 5-65-201(a) (Supp. 1991), the trial court did not make a finding, at the time it ruled on the motion, that appellant was driving while intoxicated. We affirm, however, if the court's ruling was correct even if its reason was wrong. *See Higginbottom* v. *Waugh*, 313 Ark. 558, 856 S.W.2d 7 (1993). Therefore, I concur in the decision of the court of appeals in denying the appellant's petition for rehearing.

*We* reached the right result although *our* opinion was also based on the wrong reason. I think we should have said that, in determining whether the trial court erred in denying the motion to suppress, the issue is whether the appellant was arrested for *any* offense committed while driving while intoxicated. In reviewing the trial court's decision on a motion to suppress we make an independent determination based on the totality of the circumstances and reverse only if the trial court's ruling was clearly against the preponderance of the evidence. *Magar* v. *State*, 308 Ark. 380, 382, 826 S.W.2d 221, 222 (1992). Thus, we should have said that viewed in that light, there was evidence at the hearing on the motion to suppress to support a finding that the appellant was arrested for an offense committed while he was, in fact, driving while intoxicated.

The offense for which the appellant was arrested was driving while intoxicated. He could have been arrested for that offense regardless of Ark. Code Ann. § 5-65-202. However, he could not have been required to take the breathalyzer test if he had not given implied consent under Ark. Code Ann. § 5-65-202. That is the view of the law that I stated in my dissent in *Huitt. See* 39 Ark. App. at 75-76 and 837 S.W.2d at 486. And it is interesting that Act 132 of 1993 has now changed the law so that Ark. Code Ann. § 5-65-202(a)(3) (Supp. 1993) now provides that any person who operates a motor vehicle in Arkansas is deemed to have given consent for a blood alcohol test if at the time the person is arrested for driving while intoxicated the officer has reasonable cause to believe that the person was driving while intoxicated.

Because our opinion in this case reached the right result, I concur in denying the petition for rehearing.